IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| JOE MILLER and KENNY HIGGS, individually and on behalf of others similarly situated, | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | ) Case No. 4:18-cv-687<br>)<br>) **JURY TRIAL DEMANDED** |
| O'REILLY AUTOMOTIVE, INC., | ) |
| OZARK AUTOMOTIVE DISTRIBUTORS, INC., | )<br>)<br>) |
| O'REILLY AUTOMOTIVE STORES, INC. d/b/a O'REILLY AUTO PARTS, and | )<br>)<br>) |
| OMNI SPECIALTY PACKAGING, LLC, | )<br>) |
| Defendants. | ) |

## DEFENDANTS' NOTICE OF REMOVAL

PLEASE TAKE NOTICE that Defendants O'Reilly Automotive, Inc., Ozark Automotive Distributors, Inc., O'Reilly Automotive Stores, Inc. d/b/a O'Reilly Auto Parts, and Omni Specialty Packaging, LLC (collectively "Defendants"), by and through undersigned counsel and pursuant to 28 U.S.C. §§ 1441, 1446, and the Class Action Fairness Act of 2005 ("CAFA"), as codified in 28 U.S.C. §§ 1332(d) and 1453, and with full reservation of all defenses, hereby remove the above-styled action from the Circuit Court of Cass County, Missouri, to the United States District Court for the Western District of Missouri, Western Division. In support of removal, Defendants state as follows:

# INTRODUCTION

1. On or about July 20, 2018, Plaintiffs Joe Miller and Kenny Higgs ("Plaintiffs"), individually and purportedly on behalf of others similarly situated, filed a "Class Action Petition" (the "Petition") against Defendants asserting claims for violation of the Missouri Merchandising Practices Act ("MMPA"), breach of express and implied warranty, fraudulent and negligent misrepresentation, and unjust enrichment. (*See* Exhibit A, Pet., at pp. 12-18.) All process, pleadings, and papers filed in state court are attached hereto collectively as Exhibit A.

2. Plaintiffs seek to "recover all money paid by Plaintiffs and Class Members to Defendants for purchase of" what is referred to in the Petition as 303 tractor hydraulic fluid products. (*See id.* at ¶ 41.)[1] Exclusive of interest and costs, Plaintiffs request compensatory damages, punitive damages, and statutory attorneys' fees on behalf of themselves and the putative class members. (*See id.* at pp. 18-19.)

3. Defendants now remove the state-court action to this Court. The jurisdictional requirements under CAFA are satisfied: (i) this is a class action composed of, in the words of Plaintiffs, "thousands" of putative class members; (ii) at least two of the putative class members, named Plaintiffs Miller and Higgs, are alleged to be citizens of a State different than Omni Specialty Packaging, LLC ("Omni"), one of the named Defendants; and (iii) the amount in controversy, exclusive of interest and costs, exceeds $5,000,000.

---

[1] In the Petition, 303 tractor hydraulic fluid products allegedly sold by Defendants, including "O'Reilly 303 Tractor Hydraulic Fluid," are referred to as "303 THF Products." (*See, e.g.,* Ex. A, Pet., at ¶¶ 7, 17-26, 30-41.) For the sake of consistency, this Notice of Removal will use the same quoted term in referring to 303 tractor hydraulic fluid products.

## BACKGROUND

4. The Petition alleges that Defendants induced Plaintiffs and the putative class members to purchase and use 303 THF Products from O'Reilly based on certain alleged misrepresentations regarding the product, thereby depriving Plaintiffs and the putative class members of the bargained-for sale and causing harm, including "wear and damage to consumers' equipment." (*See* Ex. A, Pet., at ¶¶ 7, 13-41.)

5. Plaintiffs Miller and Higgs allegedly purchased 303 THF Products "on numerous occasions" from an O'Reilly Auto Parts store located in Pleasant Hill, Missouri for use in various pieces of equipment each of them owned. (*See id.* at ¶¶ 32-34.)

6. Plaintiff Miller allegedly purchased an unidentified number of "5-gallon buckets" of the product at the O'Reilly Auto Parts Store in Pleasant Hill, Missouri in the Spring of 2016 and 2017 at a cost of "approximately $20.00 - $23.00 each." (*See id.* at ¶ 32.) Plaintiff Higgs allegedly purchased more than fifteen "5-gallon buckets" at the same store over the last "two or three years" at approximately the same price per unit. (*See id.* at ¶ 34.)

7. Plaintiffs claim that, "as a result of Defendants' 303 THF products not meeting specifications as advertised, marketed, warranted, and promised," Defendants violated the MMPA, breached express and implied warranties, fraudulently and negligently induced the purchase of the product, and were unjustly enriched. (*See id.* at ¶ 40, Counts I-VI.)

8. As a result of purchasing and using 303 THF Products from O'Reilly, Plaintiffs claim that they and the putative class members sustained the following harms:

> (a) paid a sum of money for a product that was not as represented; (b) received a lesser product than advertised and marketed; (c) were deprived of the benefit of the bargain because the 303 THF Products were different than what defendants represented; (d) were deprived of the benefit of the bargain because the 303 THF Products had less value than what was represented; and (e) did not receive a product that measured up to their expectations as created by Defendants.

3

(*Id.* at ¶ 37.)

9. Plaintiffs purport to bring this action "to recover all money paid by Plaintiffs and Class Members to Defendants for purchase of their 303 THF Products which were" allegedly "marketed, advertised, and sold" in a "dishonest, misleading, and deceptive" manner. (*See id.* at ¶ 41.)

10. Excluding purchases made by O'Reilly employees, the total net sales amount from the sale of 303 THF Products by O'Reilly in Missouri from July 20, 2013 through July 20, 2018, the alleged class period, is approximately $2,552,635.48 and involves the sale of approximately 80,277 units of various sizes.

11. Those sales consist of: (i) the sale of 1,965 units from O'Reilly distribution centers in Missouri to independent jobbers for net sales of $43,569.36;[2] (ii) the sale of 35,857 units from O'Reilly stores in Missouri to retail customers for net sales of $1,039,528.91; and (iii) the sale of 42,455 units from O'Reilly stores in Missouri to commercial customers for net sales of $1,469,537.21.

12. Plaintiffs seek relief on behalf of, and seek to certify, the following class, which Plaintiffs allege is comprised of "thousands" of members: "All individuals who purchased O'Reilly 303 Tractor Hydraulic Fluid in Missouri at any point in time from July 20, 2013 to present." (*See id.* at ¶¶ 41-42, 45.)

13. Plaintiffs seek four categories of relief from each Defendant on behalf of themselves and the putative class members, exclusive of interest and costs: (i) "actual damages," measured as "all money paid by Plaintiffs and Class Members to defendants for purchase of their

---

[2] In this context, an independent jobber is a separate auto parts vendor that sells products to customers.

303 THF Products" or the lost "benefit of the bargain" in purchasing the products; (ii) "punitive damages"; and (iii) "reasonable attorneys' fees". (*See id.* at ¶¶ 37, 41 & pp. 18-19.)

## REMOVAL IS PROPER

**I.     This Court has Subject-Matter Jurisdiction over this Action Pursuant to 28 U.S.C. § 1332(d)(2) Because This is a Class Action Composed of More than 100 Putative Class Members in Which There is Minimal Diversity Between Members of the Plaintiff Class and Defendants, and the Matter in Controversy Exceeds $5,000,000.**

14.    Defendants may remove to federal district court "any civil action brought in a State court of which the district courts of the United States have original jurisdiction[.]" *See* 28 U.S.C. § 1441(a).

15.    Under CAFA, "district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which . . . any member of a class of plaintiffs is a citizen of a State different from any defendant[.]" *See* 28 U.S.C. § 1332(d)(2)(A). In addition, there must be 100 or more members in the proposed plaintiff classes. *See* 28 U.S.C. § 1132(d)(5)(B); *see also Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 552 (2014) ("CAFA gives federal courts jurisdiction over certain class actions, defined in § 1332(d)(1), if the class has more than 100 members, the parties are minimally diverse, and the amount in controversy exceeds $5 million."); *Raskas v. Johnson & Johnson*, 719 F.3d 884, 886 (8th Cir. 2013) (same).

16.    A notice of removal need only provide "a short and plain statement of the grounds for removal". 28 U.S.C. § 1446(a). The rule governing the content of a notice of removal, 28 U.S.C. § 1446, "[t]racks the general pleading requirements stated in [Fed. R. Civ. P.] 8(a)," and submissions of proof is only necessary if the allegations in the notice of removal are contested. *Dart Cherokee Basin*, 135 S. Ct. at 553-54; *see also Pudlowski v. The St. Louis Rams, LLC*, 829 F.3d 963, 965 (8th Cir. 2016) (same). The requirements for removal are satisfied here.

5

### A. This is a class action composed of more than 100 alleged class members.

17.     Under CAFA, the term "class action" means "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. § 1132(d)(1)(B).

18.     This is a "class action" within the meaning of CAFA because Plaintiffs filed their Class Action Petition pursuant to Mo. Sup. Ct. R. 52.08, a rule similar to Fed. R. Civ. P. 23, on behalf of themselves and a putative class as defined in the Petition. (*See* Ex. A, Pet., at pp. 1-2 & ¶¶ 42-52); *compare* Mo. Sup. Ct. R. 52.08, *with* Fed. R. Civ. P. 23.

19.     The 100-class-member requirement is likewise satisfied because Plaintiffs allege "there are thousands of Members of the Class" (*see id.* at ¶ 45), and approximately 80,277 units of 303 THF Products were sold in Missouri during the class period, 35,857 of which were sold to retail customers at O'Reilly stores.

### B. There is minimal diversity between members of the plaintiff class and Defendants.

20.     Defendant O'Reilly Automotive, Inc. ("O'Reilly Automotive") is a citizen of Missouri because it is organized under the laws of Missouri and has its principal place of business in Springfield, Missouri. (*See* Ex. A, Pet., at ¶ 3); *see also* 28 U.S.C. § 1332(c)(1).

21.     Defendant Ozark Automotive Distributors, Inc. ("Ozark Automotive") is a citizen of Missouri because it is organized under the laws of Missouri and has its principal place of business in Springfield, Missouri. (*See* Ex. A, Pet., at ¶ 4); *see also* 28 U.S.C. § 1332(c)(1).

22.     Defendant O'Reilly Automotive Stores, Inc. d/b/a O'Reilly Auto Parts ("O'Reilly Auto Parts") is a citizen of Missouri because it is organized under the laws of Missouri and has its

principal place of business in Springfield, Missouri. (*See* Ex. A, Pet., at ¶ 5); *see also* 28 U.S.C. § 1332(c)(1).

23. Defendant Omni is a citizen of Louisiana for purposes of CAFA because it is organized under the laws of Louisiana and has its principal place of business in Greenwell Springs, Louisiana. *See* 28 U.S.C. § 1332(d)(10).

24. Each Plaintiff Miller and Plaintiff Higgs is alleged to be a "citizen and resident" of Missouri. (*See* Ex. A, Pet., at ¶¶ 1-2.)

25. Accordingly, minimal diversity exists under 28 U.S.C. § 1332(d)(2)(A) because Plaintiffs Miller and Higgs, members of the plaintiff class, are alleged to be citizens of Missouri, a State that is different from Louisiana, the State of which Omni, one of the named Defendants, is a citizen. *See* 28 U.S.C. § 1332(d)(2)(A); *see also* 28 U.S.C. § 1332(d)(1)(D) ("The term 'class members' means the persons (named or unnamed) who fall within the definition of the proposed or certified class in a class action."); *Baker v. NNW, LLC*, Case No. 15-0022-CV-W-GAF, 2015 WL 12843831, at *1 n.1 (W.D. Mo. June 1, 2015) ("Minimal diversity requires only that any member of the class of plaintiffs is a citizen of a different state from any defendant.")

**C. The matter in controversy exceeds $5,000,000.**

26. Although Plaintiffs do not allege a specific amount of damages in the Petition, the claims of the individual class members, when aggregated, result in an amount in controversy that exceeds $5,000,000, excluding interest and costs. *See* 28 U.S.C. § 1332(d)(6). In assessing this requirement, "the question 'is not whether the damages *are* greater than the requisite amount, but whether a fact finder *might* legally conclude that they are.'" *Raskas*, 719 F.3d at 887 (emphasis original).

7

27. The total net sales of 303 THF Products by O'Reilly in Missouri from July 20, 2013 through July 20, 2018, the alleged class period, is approximately $2,552,635.48 and involves the sale of approximately 80,277 units. Of that amount, approximately 35,857 units were sold to retail customers at O'Reilly stores resulting in $1,039,528.91 in net sales.

28. Since Plaintiffs seek as damages "all money paid by Plaintiffs and Class Members to Defendants for purchase of their 303 THF Products" (Ex. A, Pet., at ¶ 41), the total net sales of 303 THF Products by O'Reilly in Missouri during the class period is an appropriate measure of the amount of actual damages in controversy. *See Raskas*, 719 F.3d at 886-88 (total sales figures in Missouri during five-year class period for medications underlying MMPA class action was appropriate method for determining amount in controversy, even though plaintiffs sought recovery on only a subset of those medication sales) (information "detailing the total sales of their respective medications in Missouri meets the amount in controversy requirement," because "Defendants are not required to provide a 'formula or methodology for calculating the potential damages' more accurately"); *Harrington Enter., Inc. v. Safety-Kleen Sys., Inc.,* 42 F. Supp. 3d 1197, 1198, 1199-1200 (W.D. Mo. 2013) (in MMPA class action alleging that fuel surcharge was an unlawful fee, total amount of fees collected from the class was an appropriate measure of compensatory damages for determining amount in controversy under CAFA); *Baker*, 2015 WL 12843831, at *2 (using total sales figure for product in Missouri during alleged class period in calculating amount in controversy for class action alleging claims for violation of the MMPA and unjust enrichment); *Wright v. Bath & Body Works Direct, Inc.*, No. 12-00099, CW-W-DW, 2012 WL 1291921, at *1-2 (W.D. Mo. July 10, 2012) (using total retail sales figure of product in Missouri during the alleged class period to determine amount in controversy under CAFA in class action asserting claims under MMPA for sale of defective "room fragrance devices").

29. Plaintiffs also seek attorneys' fees on behalf of themselves and the putative class, which are recoverable by statute under the MMPA. (*See* Ex. A, Pet., at pp. 18-19); Mo. Rev. Stat. § 407.025.1. Attorneys' fees are thus included in the amount in controversy. *See Harrington Enter.*, 42 F. Supp. 3d at 1201 (including attorneys' fees in amount in controversy for MMPA class action because plaintiffs requested them in their pleading) ("The Class seeks these fees, the MMPA provides for them, and the amount in controversy includes them.")

30. In determining an amount of attorneys' fees that may be awarded, the court may apply a standard rate of 33 percent to alleged actual damages or consider attorneys' fees awarded in similar cases. *See Harrington Enter.*, 42 F. Supp. 3d at 1201; *Faltermeier v. FCA US LLC*, Case No. 4:15-cv-00491-DGK, 2016 WL 10879705, at *4 & n.9 (W.D. Mo. May 26, 2016).

31. Applying a standard rate of 33 percent to the total net sales figure—the potential actual damages in controversy—to determine potential attorney's fees, the amount in controversy for alleged actual damages and attorneys' fees together is $3,395,005.19. Applying that same standard rate to only the net sales figure for sales to retail customers at O'Reilly stores in Missouri results in $1,382,573.45 as the amount in controversy for actual damages and attorneys' fees.

32. Inclusion of such fees amounts is consistent with fee awards in other MMPA cases. *See Harrington Enter.*, 42 F. Supp. 3d at 1201 (including $236,421.90 for attorneys' fees in amount in controversy for MMPA class action by "applying a standard 33% attorneys' fees to the Class's compensatory damages" of $716,430); *Faltermeier*, 2016 WL 10879705, at *4 & n.9 (including $1.4 million in attorneys' fees in the amount in controversy for MMPA class action in which "compensatory damages award" was estimated to be $3,605,010); *Baker*, 2015 WL 12843831, at *2 (including $215,234.11 in attorneys' fees in amount in controversy for MMPA class action by "applying a standard 33% attorney's fees recovery" to the potential compensatory damages of

9

$645,702.33); *Berry v. Volkswagen Grp. of America, Inc.*, 397 S.W.3d 425 (Mo. banc 2013) (affirming over $6.1 million attorney's fee award in automobile defect class action where the actual recovery by the class was $125,261).

33. Plaintiffs also seek punitive damages from Defendants on the counts arising under the MMPA and common-law fraud. (*See* Ex. A, Pet., at ¶¶ 62, 88 & p. 18.) Punitive damages are recoverable under the MMPA and are calculated based on the net amount of any judgment, including attorneys' fees. *See* Mo. Rev. Stat. § 510.265; *Hervy v. Mo. Dep't of Corr.,* 379 S.W.3d 156, 165 (Mo. banc 2012) ("net amount of the judgment" for purposes of determining punitive damages includes attorneys' fees). Punitive damages are also recoverable on Plaintiffs' fraudulent misrepresentation claim. *See Lewellen v. Franklin*, 441 S.W. 3d 136, 142 (Mo. banc 2014).

34. Such punitive damages are included in determining the amount in controversy. *See Raskas*, 719 F.3d at 887-88 (including punitive damages in calculating amount in controversy on MMPA class action for purposes of determining propriety of CAFA removal); *Harrington Enter.,* 42 F. Supp. 3d at 1201 (including punitive damages in amount in controversy for MMPA class action because plaintiffs requested them in their pleading) ("the Class seeks these damages, the MMPA provides for them, and the amount in controversy includes them.").

35. Assuming a 3:1 ratio of punitive-to-actual damages, the total amount in controversy using the total net sales figure for O'Reilly's sale of 303 THF Products in Missouri, including attorneys' fees' and punitive damages, is $13,580,020.75. Moreover, even if the amount in controversy is calculated in that same fashion using only the net sales figure for the sale of 303 THF Products to retail customers at O'Reilly's Missouri stores, the amount in controversy is $5,530,293.80. These figures create an amount in controversy well over the $5,000,000 threshold, and the amount would be significantly higher if a larger punitive damages ratio, such as 5:1, were

applied, which is possible. *See Raskas*, 719 F.3d at 887 (the question 'is not whether the damages *are* greater than the requisite amount, but whether a fact finder *might* legally conclude that they are.'"); *see also, e.g., Lewellen*, 441 S.W. 3d at 145-48 (punitive damage awards constituting a 40:1 ratio against one defendant and a 22:1 ratio against a second defendant did not violate due process); *Peel v. Credit Acceptance Corp.*, 408 S.W. 3d 191, 209-10 (Mo Ct. App. 2013) (approving a 5:1 ratio for punitive damages); *Morse v. S. Union Co.*, 174 F.3d 917, 925-26 (8th Cir. 1999) (upholding a ratio of 5.7:1 between punitive and compensatory damages); *Bass*, 2008 WL 441962, *2 (punitive damages approximately 6.7 times the actual damages acceptable); *Harrington Enterp.*, 42 F. Supp. 3d at 1201 (including punitive damages of "five times the combined sum" of plaintiffs' "compensatory damages and attorneys' fees" in class action alleging violation of MMPA).

36.     Thus, while Defendants deny that Plaintiffs and the putative class members are entitled to any relief whatsoever, and deny that Plaintiffs' putative class should be certified, the requisite amount in controversy under CAFA is satisfied. *See Raskas*, 719 F.3d at 887 (in determining whether the amount in controversy is satisfied, the question is whether "a fact finder *might* legally conclude that they are.") (emphasis original); *Kerr v. Ace Cash Experts, Inc.*, No. 4:10-CV-1694, 2010 WL 5177977, at *1 (E.D. Mo. Dec. 14, 2010) (actual damages claim of at least $594,000 met the CAFA threshold because "similar amounts have been held to satisfy the amount in controversy requirement in similar cases because of the potential for punitive damages and attorney's fees."); *Baker*, 2015 WL 12843831 at *1 (denying plaintiff's motion to remand and finding that a standard 33% award of attorney's fees, a potential punitive damage award of 3.02 times compensatory damages, and potential compensatory damages of $645,702.33 met jurisdictional requirements); *Wright*, 2012 WL 1291921, at *1-2 (amount in controversy satisfied

for CAFA removal in class action asserting claims under MMPA for sale of defective "room fragrance devices" where "total retail sales" of the product in Missouri during the relevant period were $1,067,969); *Harrington Enterp.*, 42 F. Supp. 3d at 1201 (amount in controversy exceed $5,000,000 based actual damage estimated to be $716,330); *Brown v. City Chevrolet, LLC*, No. 09–0642–CV–W–GAF, 2009 WL 3485833, at *1 (W.D. Mo. Oct. 28, 2009) (amount in controversy requirement met under CAFA where potential actual damages were approximately $1,004,099); *Bass v. Carmax Auto Superstores, Inc.*, No. 07–0883–CV–W–ODS, 2008 WL 441962, at *2 (W.D. Mo. Feb. 14, 2008) (amount in controversy requirement met under CAFA where potential actual damages were approximately $658,431).

## II. Defendants Have Satisfied the Procedural Requirements for Removal under 28 U.S.C. § 1446.

37. Venue is proper in this Court because Plaintiffs originally filed this action in the Circuit Court for the Cass County, Missouri, and the United States District Court for the Western District of Missouri, Western Division is the "district court of the United States for the district and division within which [the state-court action] is pending[.]" *See* 28 U.S.C. § 1446(a).

38. Defendants attach hereto as <u>Exhibit A</u> a copy of all process, pleadings, orders, and other papers or exhibits of every kind, including depositions, that, as of the date this Notice of Removal is filed, have been filed in the state court. *See* 28 U.S.C. § 1446(a).

39. Removal is timely pursuant to 28 U.S.C. § 1446(b) because this Notice of Removal is filed within thirty days from August 2, and August 3, 2018, the dates on which the removing Defendants were served with process in the state-court action. (*See* <u>Ex. A</u>, at Return Summons.)

40. Defendants, after filing the instant Notice of Removal in this Court, will promptly file proof of filing this Notice of Removal with the clerk of the Circuit Court for Cass County, Missouri. *See* 28 U.S.C. § 1446(d).

WHEREFORE, Defendants respectfully remove this action from the Circuit Court for Cass County, Missouri, to the United States District Court for the Western District of Missouri, Western Division, and request that the Court exercise its subject-matter jurisdiction over this matter and grant such other and further relief to Defendants as is just and proper.

`

Respectfully submitted,

**LEWIS RICE LLC**

Dated: August 30, 2018     By: /s/ Thomas P. Berra, Jr.
Thomas P. Berra, Jr., #43399MO
Edward T. Pivin, #64086MO
600 Washington Avenue, Suite 2500
St. Louis, Missouri 63101
Telephone: (314) 444-1352
Facsimile: (314) 612-1352
tberra@lewisrice.com
epivin@lewisrice.com

Robert W. Tormohlen, #40024MO
Scott A. Wissel, #49085MO
1010 Walnut St., Suite 500
Kansas City, Missouri 64106
Telephone: (816) 472-2507
Facsimile: (816) 472-2500
rwtormohlen@lewisricekc.com
sawissel@lewisricekc.com

*Attorneys for Defendants O'Reilly Automotive Inc., Ozark Automotive Distributors, Inc., O'Reilly Automotive Stores, Inc. d/b/a O'Reilly Auto Parts, and Omni Specialty Packaging, LLC*

## CERTIFICATE OF SERVICE

The undersigned certifies that on this 30th day of August, 2018, a true copy hereof was served via electronic mail and U.S. mail, first-class postage prepaid on the following:

Bryan T. White
Gene P. Graham, Jr.
White, Graham, Buckley, & Carr, L.L.C.
19049 East Valley View Parkway
Independence, MO 64055
ggraham@wagblaw.com
bwhite@wagblaw.com

Dirk Hubbard
Thomas V. Bender
Horn Aylward & Bandy, LLC
2600 Grand, Ste. 1100
Kansas City, MO 64108
dhubbard@hab-law.com
tbender@hab-law.com

Clayton Jones
Clayton Jones, Attorney at Law
P.O. Box 257, 405 W. 58 Hwy.
Raymore, MO 64083
claytonjoneslaw.com

*Attorneys for Plaintiffs*

    /s/    Thomas P. Berra, Jr.