# EXHIBIT A

Electronically Filed - Cass - July 20, 2018 - 02:21 PM

IN THE CIRCUIT COURT OF CASS COUNTY, MISSOURI

| | | |
|---|---|---|
| JOE MILLER and | ) | |
| KENNY HIGGS, each on behalf of | ) | |
| themselves and others similarly situated; | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. _____ |
| v. | ) | |
| | ) | |
| O'REILLY AUTOMOTIVE, INC. | ) | |
|   Serve Registered Agent: | ) | |
|   CT Corporation System | ) | |
|   120 South Central Ave. | ) | |
|   Clayton, MO 63105 | ) | |
| | ) | |
| OZARK AUTOMOTIVE | ) | |
| DISTRIBUTORS, INC. | ) | |
|   Serve Registered Agent: | ) | |
|   CT Corporation System | ) | |
|   120 South Central Ave. | ) | |
|   Clayton, MO 63105 | ) | |
| | ) | |
| O'REILLY AUTOMOTIVE | ) | |
| STORES, INC. d/b/a | ) | |
| O'REILLY AUTO PARTS, | ) | |
|   Serve Registered Agent: | ) | |
|   CT Corporation System | ) | |
|   120 South Central Avenue | ) | |
|   Clayton MO 63105 | ) | |
| | ) | |
| and | ) | |
| | ) | |
| OMNI SPECIALTY PACKAGING , LLC | ) | |
|   Serve Registered Agent: | ) | |
|   John F. McDermott | ) | |
|   Taylor Porter Brooks & Phillips LLP | ) | |
|   450 Laurel St., 8th Floor | ) | |
|   Baton Rouge, LA 70801 | ) | |
| | ) | |
| Defendants. | ) | |

## CLASS ACTION PETITION

COME NOW Plaintiffs, on behalf of themselves and all others similarly situated, and for their causes of action state and alleges as follows:

## PARTIES

1.     Plaintiff Joe Miller is a citizen and resident of Pleasant Hill, Missouri.

2.     Plaintiff Kenny Higgs is a citizen and resident of Pleasant Hill, Missouri.

3.     Defendant O'Reilly Automotive, Inc. (O'Reilly Automotive) is a for-profit corporation organized and existing under the laws of the State of Missouri, with its principal place of business in Springfield, Missouri. Defendant O'Reilly Automotive has advertised and sold its products in Cass County and throughout the State of Missouri at its O'Reilly Auto Parts stores, including at 2102 North Highway 7 in Pleasant Hill, Missouri.

4.     Defendant Ozark Automotive Distributors, Inc. (Ozark) is a for-profit corporation organized and existing under the laws of the State of Missouri, with its principal place of business in Springfield, Missouri. Defendant Ozark has advertised and sold its products in Cass County and throughout the State of Missouri at O'Reilly Auto Parts stores, including at 2102 North Highway 7 in Pleasant Hill, Missouri.

5.     Defendant O'Reilly Automotive Stores, Inc. (O'Reilly Stores) is a for-profit corporation organized and existing under the laws of the State of Missouri, with its principal place of business in Springfield, Missouri. Defendant O'Reilly Stores has stores throughout Missouri, including at 2102 North Highway 7 in Pleasant Hill, Missouri.

6.     Defendant Omni Specialty Packaging, LLC (Omni) is for-profit company with its principal place of business in Northbrook, Illinois. Defendant Omni has advertised and sold its

2

Electronically Filed - Cass - July 20, 2018 - 02:21 PM

products, including the O'Reilly 303 Tractor Hydraulic Fluid, in Cass County at O'Reilly Auto Parts Stores and throughout the State of Missouri.

7.      Defendants' conduct has harmed consumers like Plaintiffs by inducing them to purchase and use "303" tractor hydraulic fluid products, more specifically O'Reilly 303 Tractor Hydraulic Fluid (303 THF Products) on the false promise that the 303 THF Products meet certain specifications and by directly or implicitly representing that the products are safe for use in farm, construction and logging equipment and have certain characteristics and qualities that protect equipment from wear and damage when, in reality, the products do not meet any specifications and cause harm, increased wear and damage to consumers' equipment.

## JURISDICTION AND VENUE

8.      Pursuant to § 508.010.4 RSMo, Cass County Circuit Court, State of Missouri, is an appropriate venue because the false representations, deceptive, dishonest, and misleading practices, and the unjust enrichment, occurred in Cass County and elsewhere in the State of Missouri.

9.      The Circuit Court of Cass County, Missouri has personal jurisdiction over Defendants because Defendants transact business in Missouri, with their various advertising methods and product sales directed toward Missouri residents.  Additionally, Plaintiffs purchased the products at issue in Cass County, Missouri.

10.      This is a civil case in which the Cass County Circuit Court, State of Missouri, has jurisdiction pursuant to Mo. Const., Art. V. § 14.

11.      The total amount in controversy as to Plaintiff and each individual Member of the proposed Class alleged herein does not exceed seventy-four thousand nine hundred ninety-nine dollars ($74,999.00), including treble damages, punitive damages, interest, costs, and attorneys'

3

fees. Plaintiffs specifically disclaim any relief, whether in law or in equity, in excess of $74,999. In addition, neither the Plaintiffs nor any Member of the proposed Class asserts any federal question.

12.     The proposed Class in this case includes only those persons who purchased the products at issue in the State of Missouri. The amount in controversy for all proposed Class Members does not exceed five million dollars ($5,000,000.00).

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

13.     Defendant O'Reilly, Ozark and O'Reilly Stores (collectively, "O'Reilly") are in the business of selling and advertising for sale certain merchandise or retail products in trade or commerce at retail stores within Cass County and other Counties throughout the State of Missouri.

14.     Defendant Omni is in the business of manufacturing certain merchandise or retail products which are to be sold in trade or commerce at retail stores within Cass County and other Counties throughout the State of Missouri.

15.     During some or all of the five year period prior to the filing of this Class Action Petition, the O'Reilly Defendants sold and advertised 303 THF Products in yellow buckets called O'Reilly 303 Tractor Hydraulic Fluid.

16.     During some or all of the five year period prior to the filing of this Class Action Petition, Defendant Omni manufactured and advertised the O'Reilly 303 Tractor Hydraulic Fluid sold by the O'Reilly Defendants.

## Defendants' Deceptive Marketing and Advertising

17.     During some or all of the five year period prior to the filing of this Class Action Petition, the O'Reilly Defendants and Omni marketed the O'Reilly 303 Tractor Hydraulic Fluid

4

(1) as multi-service oil providing excellent performance for the majority of hydraulic, wet brake and transmission requirements of most equipment manufacturers; (2) as providing excellent results for brake squawk, PTO clutch performance, rust protection, water sensitivity, extreme pressure anti-wear properties, and foam suppression; and (3) as a fluid that may be used as a replacement fluid in select models where 303 fluid of its quality is acceptable, including in equipment made by Allis-Chalmers, Massey Ferguson, White, Allison, Case, International Harvester, Oliver, John Deere 303, Duetz, Ford and Caterpillar.

18.     Defendants' marketing and advertising of the 303 THF Products has been widespread, continuous and contained on various signs, labels and advertisements throughout the State of Missouri for years.  Representative examples of Defendants' marketing and advertising materials are set forth below.

19.     O'Reilly 303 Tractor Hydraulic Fluid was specifically marketed and advertised as follows:



20.     These representations were also contained in Defendants' advertising circulars and/or on Defendants' websites.

21.     By marketing and advertising the 303 THF Products in the foregoing manner, and by describing the products using words such as "multi-service" and "excellent performance," Defendants have created an image in the minds of Plaintiffs and other consumers that would lead a reasonable consumer to conclude that Defendants' 303 THF Products were completely safe and effective for use in consumers' equipment.

22.     Defendants' advertising and marketing of their 303 THF Products was material to the reasonable consumer.

23.     At the time of Defendants' advertisements, marketing and other representations, and as Defendants already knew, the representations regarding the 303 THF Products were false, deceptive and misleading to consumers seeking to purchase tractor hydraulic fluid.

24.     The John Deere "303" designation is over 50 years old and has been obsolete for many years.  Defendants knew that at the time they were marketing and selling the 303 THF Products during the Class Period, there were no specifications available for "303" tractor hydraulic fluid and, therefore, no way to ensure the accuracy of representations that their 303 THF Products were in compliance with any known specifications.

25.     As Defendants knew, the 303 THF Products manufactured by Defendants and sold in the yellow buckets lacked some or all of the additives required to provide the advertised "qualities," including but not limited to rust protection and foam suppression.

26.     As Defendants knew, the 303 THF Products manufactured by Defendants and sold in the yellow buckets did not meet any current specs for any manufacturers of farm, logging and construction equipment.

**The State of Missouri's Testing of 303 THF**

27.     In the summer of 2017, the Missouri Department of Agriculture sampled 14 different 303 THF products, many of which claimed to work in almost every tractor.  All 14 of these 303 THF products failed to meet any current specifications and were found to be underperforming to the point that damage was likely to result from use.

28.     The Missouri Department of Agriculture notified the retailers, including the O'Reilly Defendants, that the products were misbranded because they failed to meet any current tractor manufacturer's specifications.

29.     On information and belief, O'Reilly 303 Tractor Hydraulic Fluid was among the 303 THF products the Missouri Department of Agriculture tested and that failed to meet any current specifications and was likely to cause damage to equipment.

**Plaintiffs' Experience with Defendants' Advertising and Products**

30.     In the five year period prior to the filing of this Class Action Petition, Plaintiffs purchased Defendants' 303 THF Products on numerous occasions, primarily for personal, family, or household purposes.

31.     As with all members of the Class, in the five year period prior to the filing of this Class Action Petition, Plaintiffs purchased Defendants' 303 THF Products upon the representations set forth above.

32.     Plaintiff Joe Miller purchased and used O'Reilly 303 Tractor Hydraulic Fluid which was manufactured by Omni and sold by the O'Reilly Defendants.  For example, Plaintiff Miller purchased 5-gallon buckets of O'Reilly 303 Tractor Hydraulic Fluid at the O'Reilly Auto Parts Store located in Pleasant Hill, Missouri in the spring of 2016 and 2017.  The cost was approximately $20.00 - $23.00 each.

7

Electronically Filed - Cass - July 20, 2018 - 02:21 PM

33.     These 303 THF Products were used by Plaintiff Miller for personal use on the following equipment:  1967-68 Pettibone Super 6 forklift, 1972 John Deere 5020 tractor and 1776-77 International 1440 combine.

34.     Plaintiff Kenny Higgs purchased and used O'Reilly 303 Tractor Hydraulic Fluid which was manufactured by Omni and sold by the O'Reilly Defendants.  For example, Plaintiff Miller purchased over fifteen (15) 5-gallon buckets of O'Reilly 303 Tractor Hydraulic Fluid at the O'Reilly Auto Parts Store located in Pleasant Hill, Missouri in the last two to three years at a cost of approximately $20.00 - $23.00 each.

35.     These 303 THF Products were used by Plaintiff Higgs for personal use in track loaders and skid loaders.

36.     Plaintiffs reasonably relied upon Defendants' own statements and advertisements concerning the particular qualities and benefits of the 303 THF Products.

37.     A reasonable consumer would consider Defendants' statements and advertisements when looking to purchase a tractor hydraulic fluid.  As a result of using Defendants' 303 THF Products, Plaintiff and Class Members:  (a) paid a sum of money for a product that was not as represented; (b) received a lesser product than advertised and marketed; (c) were deprived of the benefit of the bargain because the 303 THF Products were different than what Defendants represented; (d) were deprived of the benefit of the bargain because the 303 THF Products had less value than what was represented; and (e) did not receive a product that measured up to their expectations as created by Defendants.

38.     When Defendants manufactured, marketed, advertised, distributed, and sold Plaintiffs and Class Members their 303 THF Products, Defendants knew or should have known those products (1) were not acceptable for use as multi-service oil and did not provide excellent

Electronically Filed - Cass - July 20, 2018 - 02:21 PM

performance for the majority of hydraulic, wet brake and transmission requirements of most equipment manufacturers; (2) did not provide excellent results for brake squawk, PTO clutch performance, rust protection, water sensitivity, extreme pressure anti-wear properties, and foam suppression; and (3) as were not fluids that may be used as a replacement fluid in select models where 303 fluid of its quality is acceptable, including in equipment made by Allis-Chalmers, Massey Ferguson, White, Allison, Case, International Harvester, Oliver, John Deere 303, Duetz, Ford and Caterpillar.

39.     Plaintiffs used the 303 THF Products in the manner in which Defendants advised it could and should be used.

40.     As a result of Defendants' 303 THF Products not meeting specifications as advertised, marketed, warranted, and promised, Defendants violated the Missouri Merchandising Practices Act, fraudulently or negligently induced Plaintiffs and Class Members to purchase their products through material misrepresentations, and were unjustly enriched.

41.     This action is brought by Plaintiffs against Defendants to recover all money paid by Plaintiffs and Class Members to Defendants for purchase of their 303 THF Products which were marketed, advertised, and sold in the dishonest, misleading, and deceptive manners noted herein.

## CLASS ACTION ALLEGATIONS

42.     Plaintiffs bring this Class Action pursuant to Missouri Rules of Civil Procedure 52.08, on behalf of themselves and the following Class of similarly situated persons:

> All individuals who purchased O'Reilly 303 Tractor Hydraulic Fluid in Missouri at any point in time from July 20, 2013 to present.

9

43.     Excluded from the Class are Defendants, including any parent, subsidiary, affiliate or controlled person of Defendants; Defendants' officers, directors, agents, employees and their immediate family members, as well as the judicial officers assigned to this litigation and members of their staffs and immediate families.

44.     The 303 THF Products at issue were sold across Missouri through retailers.  The Class Members may be identified through use of sales receipts, affidavits, or through sales records.

45.     The proposed Class is so numerous that joinder of all Class Members is impracticable.  Although the exact number and identity of each Class Member is not known at this time, there are thousands of Members of the Class.

46.     There are questions of fact and law common to the Class which predominate over questions affecting only individual Class Members.  The questions of law and fact common to each Class arising from Defendants' actions include, without limitation, the following:

   a.  Whether Defendants' 303 THF Products were being advertised and marketed as alleged in paragraphs 17-21, above;

   b.  Whether Defendants' 303 THF Products in actuality were as alleged in paragraphs 22-29 and 37-38, above;

   c.  Whether Defendants' manufacturing, advertising, marketing, and/or sale of their 303 THF Products was deceptive, unfair, and/or dishonest;

   d.  Whether Defendants' representations regarding their 303 THF Products were false and made knowingly by Defendants, and were therefore deceptions, frauds, false pretenses, false promises, and/or misrepresentations as described in 407.020 RSMo and a violation thereof;

   e.  Whether Defendants' representations were false and made negligently by Defendants, and were therefore deceptions, frauds, false pretenses, false promises, and/or misrepresentations as described in 407.020 RSMo and a violation thereof; and,

   f.  Whether Defendants were unjustly enriched.

10

47.     Plaintiffs' claims are typical of those in the putative Class because each purchased Defendants' 303 THF Products and was similarly treated.

48.     Plaintiffs are adequate representatives of the Class because their interests do not conflict with the interests of other Members of the Class.  The interests of the other Class Members will be fairly and adequately protected by Plaintiffs and counsel, who have extensive experience prosecuting complex litigation and class actions.

49.     A Class Action is the appropriate method for the fair and efficient adjudication of this controversy.  It would be impracticable, cost prohibitive, and undesirable for each member of the Class to bring a separate action.  In addition, the presentation of separate actions by individual Class Members creates the risk of inconsistent and varying adjudications, establishes incompatible standards of conduct for Defendants, and/or substantially impairs or impedes the ability of Class Members to protect their interests.  A single Class Action can determine, with judicial economy, the right of the Members of the Class.

50.     A Class Action is superior with respect to considerations of consistency, economy, efficiency, fairness and equity, to other available methods for the fair and efficient adjudication of this controversy.

51.     Class certification is also appropriate because Defendants have acted or refused to act on grounds generally applicable to the Class. The Class Action is based on Defendants' acts and omissions with respect to the Class as a whole, not on facts or law applicable only to the representative Plaintiffs.  All Class Members who purchased Defendants' products were treated similarly.  Thus, all Class Members have the same legal right to an interest in relief for damages associated with the violations enumerated herein.

52.     Plaintiffs asserts in Counts I through VI, below, the following claims on behalf of himself and the Class:

- Count I – Missouri Merchandising Practices Act Violations

- Count II – Breach of Express Warranty

- Count III – Breach of Implied Warranty

- Count IV – Fraud/Misrepresentation

- Count V – Negligence

- Count VI – Unjust Enrichment

**COUNT I**
**(Violations of Missouri's Merchandising Practices Act)**
**(Plaintiffs and All Class Members Who Purchased For Personal, Family, Household Use)**

53.     Plaintiffs incorporate by reference all preceding paragraphs of the Class Action Petition as if fully set forth herein.

54.     Plaintiffs and many Class Members purchased Defendants' 303 THF Products for personal, family, or household purposes.

55.     Defendants' representations set forth in paragraphs 16-20, above, including without limitation the representations that the 303 THF Products were fit to be used in older tractors and other equipment, and that the 303 THF Products met specifications, were unfair, deceptive, false and misleading and made knowingly by Defendants or without knowledge as to their truth or falsity and were therefore deceptions, frauds, false pretenses, false promises, and misrepresentations as described at § 407.020 RSMo, and therefore a violation of the Missouri Merchandising Practices Act.

56.     Defendants' representations set forth in paragraphs 16-20, above, including without limitation the representations that the 303 THF Products were fit to be used in older

tractors and other equipment, and that the 303 THF products met specifications, also constituted the omission or suppression of a material fact in violation of § 407.020 RSMo in that Defendants' 303 THF Products were not appropriate for use and did not meet specification as advertised, marketed, and sold.

57.     Defendants' conduct as set forth herein with regard to the marketing and sale of 303 THF Products constitute unlawful, unfair and/or fraudulent business practices in violation of the Missouri Merchandising Practices Act, §§ 407.010 *et seq.*

58.     Defendants engaged in unlawful practices including deception, false promises, misrepresentation, and/or the concealment, suppression or omission of material facts in connection with the marketing and sale of 303 THF Products, all in violation of §407.020 RSMo.

59.     Plaintiffs and Class Members have suffered economic and other damages as a result of Defendants' conduct with regard to the marketing and sale of 303 THF Products.

60.     As a direct and proximate result of Defendants' illegal conduct, Plaintiffs and Class Members have suffered ascertainable losses of money.

61.     Defendants' conduct as described herein was intentional and in violation of § 407.020 RSMo, and the regulations of the Attorney General of Missouri promulgated thereunder.

62.     Defendants' conduct is such that an award of punitive damages against each Defendant is appropriate.

## COUNT II
### (Breach of Express Warranty – Plaintiffs and All Class Members)

63.     Plaintiffs incorporate by reference all preceding paragraphs of the Class Action Petition as if fully set forth herein.

64.     Plaintiffs and Class Members purchased Defendants' 303 THF Products.

13

65.     As set forth above, Defendants made common statements of facts regarding the quality and use of the THF 303 Products.

66.     The common statements Defendants made regarding the 303 THF Products were a material factor in inducing Plaintiffs and Class Members to purchase the 303 THF Products and therefore became part of the basis of the benefit of the bargain and an express warranty.

67.     Plaintiffs and the Class Members reasonably relied on the common statements of fact.

68.     As set forth above, the THF 303 Products did not conform to the statements of Defendants.  As a result, Plaintiff and the Class Members did not receive goods as warranted by Defendants.

69.     Defendants have received timely notifications of the defects in their THF 303 Products.

70.     The failure of the THF 303 Products to conform to the statements of Defendants has caused injury to Plaintiffs and Class Members.

## COUNT III
### (Breach of Implied Warranty – Plaintiffs and All Class Members)

71.     Plaintiffs incorporate by reference all preceding paragraphs of the Class Action Petition as if fully set forth herein.

72.     Defendants directly or indirectly sold the 303 THF Products to Plaintiffs and Class Members for use as described above.

73.     As set forth above, at the time Defendants sold the 303 THF Products, those products were not fit for their ordinary use and the use described by Defendants.

14

74.     Plaintiffs and Class Members used the 303 THF Products for their ordinary purpose and the use described by Defendants.

75.     Defendants have received timely notification of the defect in their 303 THF Products.

76.     The failure of the 303 THF Products to be fit for their ordinary purpose has cause injury to Plaintiffs and Class Members.

<u>COUNT IV</u>
**(Fraudulent Misrepresentation – Plaintiffs and All Class Members)**

77.     Plaintiffs incorporate by reference all preceding paragraphs of the Class Action Petition as if fully set forth herein.

78.     Defendants made representations regarding their 303 THF Products, as set forth above, including without limitation the representations that the 303 THF Products were fit to be used in older tractors and other equipment, that the 303 THF Products met specifications, and that the 303 THF Products provided certain qualities, results and benefits, were false and made knowingly by Defendants, and were therefore fraudulent.

79.     Defendants' representations set forth above, including without limitation the representations that the 303 THF Products were fit to be used in older tractors and other equipment, that the 303 THF Products met specifications, and that the 303 THF Products provided certain qualities, results and benefits, were false and made knowingly by Defendants, and were therefore fraudulent.

80.     Defendants' representations as set forth above, including without limitation the representations that the 303 THF Products were fit to be used in older tractors and other equipment, and that the 303 THF Products met specifications, and that the 303 THF Products

15

provided certain qualities, results and benefits, were made by each Defendant with the intent that Plaintiffs and other Class Members rely on such representations.

81.     Defendants' representations as set forth above, including without limitation the representations that the 303 THF Products were fit to be used in older tractors and other equipment, that the 303 THF Products met specifications, and that the 303 THF Products provided certain qualities, results and benefits, were made by each Defendant despite knowing the representations were false at the time the representations were made, and/or without knowledge of the truth or falsity of the representations.

82.     Defendants' representations were material to the purchase of 303 THF Products.

83.     Plaintiffs and Class Members relied on Defendants' representations, and such reliance was reasonable under the circumstances.

84.     Defendants' conduct as set forth herein with regard to the marketing and sale of 303 THF Products constitutes fraud on Plaintiffs and all Class Members.

85.     Plaintiffs and Class Members have been economically damaged by Defendants' fraudulent conduct with regard to the marketing and sale of 303 THF Products.

86.     As a direct and proximate result of Defendants' illegal conduct, Plaintiffs and Class Members have suffered ascertainable losses of money and other damages.

87.     Defendants' conduct as described herein was intentional and/or in reckless disregard for the rights of Plaintiffs and other Class Members.

88.     Defendants' conduct is such that an award of punitive damages against each Defendant is appropriate.

Electronically Filed - Cass - July 20, 2018 - 02:21 PM

## COUNT V
### (Negligent Misrepresentation – Plaintiff and All Class Members)

89.     Plaintiffs incorporates by reference all preceding paragraphs of the Class Action Petition as if fully set forth herein.

90.     Defendants made representations regarding their 303 THF Products, as set forth above, including without limitation the representations that the 303 THF Products were fit to be used in older tractors and other equipment, that the 303 THF Products met specifications, and that the 303 THF Products provided certain qualities, results and benefits, were false and made knowingly by Defendants, and were therefore fraudulent.

91.     Such representations were made by Defendants with the intent that Plaintiffs and the Class Members rely on such representations in purchasing Defendants' 303 THF Products.

92.     Such representations were material to Plaintiffs' and the Class Members' purchase of Defendants' 303 THF Products.

93.     Such representations were false.

94.     Defendants failed to use ordinary care and were negligent in making and/or allowing to be made the representations set forth above.

95.     Plaintiffs and the Class Members relied on such representations and such reliance was reasonable under the circumstances.

96.     Plaintiffs and Class Members have been economically damaged by Defendants' negligent conduct with regard to the marketing and sale of 303 THF Products.

97.     As a direct and proximate result of Defendants' negligent conduct, Plaintiffs and Class Members have suffered ascertainable losses of money.

## COUNT VI
### (Unjust Enrichment – Plaintiffs and All Class Members)

17

98.     Plaintiffs incorporate by reference all preceding paragraphs of the Class Action Petition as if fully set forth herein.

99.     As a result of Defendants' deceptive, fraudulent, and misleading advertising, marketing, and sales of 303 THF Products, Plaintiffs and the Class Members purchased Defendants' 303 THF Products and conferred a benefit upon Defendants, which Defendants appreciated and accepted.

100.    Defendants were enriched at the expense of Plaintiffs and other Class Members through the payment of the purchase price for Defendants' 303 THF Products.

101.    Under the circumstances, it would be against equity and good conscience to permit Defendants to retain the ill-gotten benefits that they received from Plaintiffs and the other Class Members, in light of the fact that the 303 THF Products purchased by Plaintiffs and the other Members of the Class were not what Defendants represented them to be.  Thus, it would be inequitable or unjust for Defendants to retain the benefit without restitution to Plaintiffs and the other Members of the Class for the monies paid to Defendants for the 303 THF Products.

WHEREFORE, Plaintiffs, on behalf of themselves and the Class described in this Class Action Petition, respectfully requests that:

A.   The Court certify the Class pursuant to Rule 52.08 and § 407.025 RSMo, and adjudge Plaintiffs and counsel to be adequate representative thereof;

B.   The Court enter an Order requiring each Defendant to pay actual and punitive damages to Plaintiffs and the other Members of the Class;

C.   The Court enter an Order awarding Plaintiffs, individually and on behalf of the other Members of the Class, the expenses and costs of suit,

18

including reasonable attorneys' fees and reimbursement of reasonable expenses, to the extent provided by law;

D.  The Court enter an Order awarding to Plaintiffs, individually and on behalf of other Members of the Class, pre-and post-judgment interest, to the extent allowable; and,

E.   For such other and further relief as may be just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a jury trial on all issues of fact and damages in this action.

Date: July 20, 2018                    Respectfully submitted,

WHITE, GRAHAM, BUCKLEY,
& CARR, L.L.C

BY:_____*/s/ Bryan T. White*_____
        Gene P. Graham, Jr.    MO Bar #34950
        Bryan T. White        MO Bar #58805
        19049 East Valley View Parkway
        Independence, Missouri 64055
        (816) 373-9080 Fax: (816) 373-9319
        ggraham@wagblaw.com
        bwhite@wagblaw.com

        -and-

HORN AYLWARD & BANDY, LLC

BY:__*/s/ Dirk Hubbard*_____
        Thomas V. Bender, MO Bar #28099
        Dirk Hubbard, MO Bar #37936
        2600 Grand, Ste. 1100
        Kansas City, MO 64108
        (816) 421-0700
        (816) 421-0899 (Fax)
        dhubbard@hab-law.com

        -and-

19

CLAYTON JONES, ATTORNEY AT LAW

BY: _____ /s/ Clayton A. Jones _____
    Clayton Jones MO Bar #51802
    P.O. Box 257
    405 W. 58 Hwy.
    Raymore, MO 64083
    Office: (816) 318-4266
    Fax: (816) 318-4267
    claytonjoneslaw.com


**ATTORNEYS FOR PLAINTIFFS**
**AND CLASS MEMBERS**



# IN THE 17TH JUDICIAL CIRCUIT COURT, CASS COUNTY, MISSOURI

| | |
|---|---|
| Judge or Division:<br>WILLIAM B COLLINS | Case Number: 18CA-CC00153 |
| Plaintiff/Petitioner:<br>JOE DAWSON MILLER<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address:<br>BRYAN TURNER WHITE<br>1010 WALNUT STE 400<br>KANSAS CITY, MO 64106 |
| Defendant/Respondent:<br> O'REILLY AUTOMOTIVE STORES INC | Court Address:<br>Cass County Justice Center<br>2501 West Mechanic<br>HARRISONVILLE, MO 64701 |
| Nature of Suit:<br>CC Other Tort | |

(Date File Stamp)

## Summons for Personal Service Outside the State of Missouri
### (Except Attachment Action)

The State of Missouri to:  OMNI SPECIALTY PACKAGING, LLC
> Alias:

R/A JOHN F MCDERMOTT,
TAYLOR PORTER BROOKS & PHILLIPS LLP
450 LAUREL STREET
8TH FLOOR
BATON ROUGE, LA 70801

*COURT SEAL OF*

*CASS COUNTY*

You are summoned to appear before this court and to file your pleading to the petition, copy of which is attached, and to serve a copy of your pleading upon the attorney for the Plaintiff/Petitioner at the above address all within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to file your pleading, judgment by default will be taken against you for the relief demanded in this action.

Further Information: | /s/ Kim York, Circuit Clerk, 7/23/2018, 03:08 PM

### Officer's or Server's Affidavit of Service

I certify that:
1. I am authorized to serve process in civil actions within the state or territory where the above summons was served.
2. My official title is _____ of _____ County, _____ (state).
3. I have served the above summons by:  (check one)
   - ☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
   - ☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ , a person of the Defendant's/Respondent's family over the age of 15 years.
   - ☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to _____ (name) _____ (title).
   - ☐ other (describe) _____ .

Served at _____ (address)
in _____ County, _____ (state), on _____ (date) at _____ (time).

_____     _____
Printed Name of Sheriff or Server                                    Signature of Sheriff or Server

**Subscribed and Sworn To** me before this _____ (day) _____ (month) _____ (year)
I am: (check one)  ☐ the clerk of the court of which affiant is an officer.
   ☐ the judge of the court of which affiant is an officer.
   ☐ authorized to administer oaths in the state in which the affiant served the above summons. (use for out-of-state officer)
   ☐ authorized to administer oaths.  (use for court-appointed server)

*(Seal)*

_____
Signature and Title

| Service Fees, if applicable | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Mileage | $_____ (_____miles @ $ _____ per mile) |
| **Total** | $_____ |

See the following page for directions to clerk and to officer making return on service of summons.

OSCA (7-04) SM60 *For Court Use Only*Document ID# 18-SMOS-73          1   of   2      (18CA-CC00153)          Rules 54.06, 54.07, 54.14, 54.20;
506.500, 506.510 RSMo

Case 4:18-cv-00687-ODS   Document 1-1   Filed 08/30/18   Page 22 of 33

## Directions to Clerk

Personal service outside the State of Missouri is permitted only upon certain conditions set forth in Rule 54. The clerk should insert in the summons the names of only the Defendant/Respondent or Defendants/Respondents who are to be personally served by the officer to whom the summons is delivered. The summons should be signed by the clerk or deputy clerk under the seal of the court and a copy of the summons and a copy of the petition for each Defendant/Respondent should be mailed along with the original summons to the officer who is to make service. The copy of the summons may be a carbon or other copy and should be signed and sealed in the same manner as the original but it is unnecessary to certify that the copy is a true copy. The copy of the motion may be a carbon or other copy and should be securely attached to the copy of the summons but need not be certified a true copy. If the Plaintiff's/Petitioner has no attorney, the Plaintiff's/Petitioner's address and telephone number should be stated in the appropriate square on the summons. This form is not for use in attachment actions. (See Rule 54.06, 54.07 and 54.14)

## Directions to Officer Making Return on Service of Summons

A copy of the summons and a copy of the motion must be served on each Defendant/Respondent. If any Defendant/Respondent refuses to receive the copy of the summons and motion when offered, the return shall be prepared accordingly so as to show the offer of the officer to deliver the summons and motion and the Defendant's/Respondent's refusal to receive the same.

Service shall be made: (1) On Individual. On an individual, including an infant or incompetent person not having a legally appointed guardian, by delivering a copy of the summons and motion to the individual personally or by leaving a copy of the summons and motion at the individual's dwelling house or usual place of abode with some person of the family over 15 years of age, or by delivering a copy of the summons and petition to an agent authorized by appointment or required by law to receive service of process; (2) On Guardian. On an infant or incompetent person who has a legally appointed guardian, by delivering a copy of the summons and motion to the guardian personally; (3) On Corporation, Partnership or Other Unincorporated Association. On a corporation, partnership or unincorporated association, by delivering a copy of the summons and motion to an officer, partner, or managing or general agent, or by leaving the copies at any business office of the Defendant/Respondent with the person having charge thereof or by delivering copies to its registered agent or to any other agent authorized by appointment or required by law to receive service of process; (4) On Public or Quasi-Public Corporation or Body. Upon a public, municipal, governmental or quasi-public corporation or body in the case of a county, to the mayor or city clerk or city attorney in the case of a city, to the chief executive officer in the case of any public, municipal, governmental, or quasi-public corporation or body or to any person otherwise lawfully so designated.

Service may be made by an officer or deputy authorized by law to serve process in civil actions within the state or territory where such service is made.

Service may be made in any state or territory of the United States. If served in a territory, substitute the word "territory" for the word "state."

The office making the service must swear an affidavit before the clerk, deputy clerk, or judge of the court of which the person is an officer or other person authorized to administer oaths. This affidavit must state the time, place, and manner of service, the official character of the affiant, and the affiant's authority to serve process in civil actions within the state or territory where service is made.

Service must not be made less than ten days nor more than 30 days from the date the Defendant/Respondent is to appear in court. The return should be made promptly and in any event so that it will reach the Missouri Court within 30 days after service.

Case 4:18-cv-00687-ODS   Document 1-1   Filed 08/30/18   Page 23 of 33



# IN THE 17TH JUDICIAL CIRCUIT, CASS COUNTY, MISSOURI

| | |
|---|---|
| Judge or Division:<br>WILLIAM B COLLINS | **Case Number:  18CA-CC00153** |
| Plaintiff/Petitioner:<br>JOE DAWSON MILLER<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>BRYAN TURNER WHITE<br>1010 WALNUT STE  400<br>KANSAS CITY, MO  64106 |
| Defendant/Respondent:<br>O'REILLY AUTOMOTIVE STORES INC | Court Address:<br>Cass County Justice Center<br>2501 West Mechanic<br>HARRISONVILLE, MO  64701 |
| Nature of Suit:<br>CC Other Tort | |

(Date File Stamp)

## Summons in Civil Case

The State of Missouri to:  **O'REILLY AUTOMOTIVE STORES INC d/b/a O'REILLY AUTO PARTS**

**CT Corporation System**
**120 South Central Avenue**
**Clayton, Mo 63105**



*COURT SEAL OF*

*CASS COUNTY*

**You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.**

Further Information:  /s/ Kim York, Circuit Clerk, 7/23/2018, 02:54 PM

## Sheriff's or Server's Return

**Note to serving officer**: Summons should be returned to the court within 30 days after the date of issue.
I certify that I have served the above summons by: (check one)
☐ delivering a copy of the summons and a copy of the petition to the defendant/respondent.
☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the defendant/respondent with
_____, a person of the defendant's/respondent's family over the age of
15 years who permanently resides with the defendant/respondent.
☐ (for service on a corporation) delivering a copy of the summons and a copy of the complaint to:
_____ (name) _____ (title).
☐ other: _____.

Served at _____ (address)
in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____          _____
Printed Name of Sheriff or Server                              Signature of Sheriff or Server
**Must be sworn before a notary public if not served by an authorized officer:**
Subscribed and sworn to before me on _____ (date).
*(Seal)*
My commission expires: _____          _____
                                          Date                                              Notary Public

| | |
|---|---|
| **Sheriff's Fees, if applicable** | |
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary<br>Supplemental Surcharge | $_____10.00_____ |
| Mileage | $_____ (_____ miles @ $._____ per mile) |
| **Total** | $_____ |

A copy of the summons and a copy of the petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

OSCA (06-18) SM30 (SMCC) For Court Use Only: Document Id # 18-SMCC-484          1 of 1          Civil Procedure Form No. 1; Rules 54.01 – 54.05,
54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

Case 4:18-cv-00687-ODS   Document 1-1   Filed 08/30/18   Page 24 of 33



# IN THE 17TH JUDICIAL CIRCUIT, CASS COUNTY, MISSOURI

| | |
|---|---|
| Judge or Division:<br>WILLIAM B COLLINS | **Case Number: 18CA-CC00153** |
| Plaintiff/Petitioner:<br>JOE DAWSON MILLER<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>BRYAN TURNER WHITE<br>1010 WALNUT STE 400<br>KANSAS CITY, MO 64106 |
| Defendant/Respondent:<br>OREILLY AUTOMOTIVE | Court Address:<br>Cass County Justice Center |
| Nature of Suit:<br>CC Other Tort | 2501 West Mechanic<br>HARRISONVILLE, MO 64701 |

(Date File Stamp)

## Summons in Civil Case

| The State of Missouri to: OREILLY AUTOMOTIVE |
|---|
| Alias: |

SERVE Registered Agent:
CT CORP SYSTEM
120 SOUTH CENTRAL AVE
**CLAYTON, MO 63105**



***COURT SEAL OF***

***CASS COUNTY***

**You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.**

Further Information: | /s/ Kim York, Circuit Clerk, 7/23/2018, 01:17 PM |

### Sheriff's or Server's Return

**Note to serving officer**: Summons should be returned to the court within 30 days after the date of issue.

I certify that I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the defendant/respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the defendant/respondent with _____, a person of the defendant's/respondent's family over the age of 15 years who permanently resides with the defendant/respondent.

☐ (for service on a corporation) delivering a copy of the summons and a copy of the complaint to: _____ (name) _____ (title).

☐ other: _____.

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____ _____
Printed Name of Sheriff or Server | Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

Subscribed and sworn to before me on _____ (date).

*(Seal)*

My commission expires: _____ _____
Date | Notary Public

| Sheriff's Fees, if applicable | | |
|---|---|---|
| Summons | $_____ | |
| Non Est | $_____ | |
| Sheriff's Deputy Salary | | |
| Supplemental Surcharge | $____10.00____ | |
| Mileage | $_____ | (_____ miles @ $._____ per mile) |
| **Total** | $_____ | |

A copy of the summons and a copy of the petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

OSCA (06-18) SM30 (SMCC) *For Court Use Only*: Document Id # 18-SMCC-482      1 of 1      Civil Procedure Form No. 1; Rules 54.01 – 54.05,
54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

Case 4:18-cv-00687-ODS   Document 1-1   Filed 08/30/18   Page 25 of 33


| Judge or Division:<br>WILLIAM B COLLINS | Case Number: 18CA-CC00153 |
|---|---|
| Plaintiff/Petitioner:<br>JOE DAWSON MILLER<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>BRYAN TURNER WHITE<br>1010 WALNUT STE 400<br>KANSAS CITY, MO 64106 |
| Defendant/Respondent:<br>OREILLY AUTOMOTIVE | Court Address:<br>Cass County Justice Center |
| Nature of Suit:<br>CC Other Tort | 2501 West Mechanic<br>HARRISONVILLE, MO 64701 |

(Date File Stamp)

## Summons in Civil Case

**The State of Missouri to:** OZARK AUTOMOTIVE DISTRIBUTORS, INC.
**Alias:**

**Serve: Registered Agent:**
**120 SOUTH CENTRAL AVNUE**
**CLAYTON, MO 63105**



*COURT SEAL OF*

*CIRCUIT COURT OF MISSOURI*

*CASS COUNTY*

**You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.**

Further Information: | **/s/ Kim York, Circuit Clerk, 7/23/2018, 01:50 PM**

### Sheriff's or Server's Return

**Note to serving officer**: Summons should be returned to the court within 30 days after the date of issue.

I certify that I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the defendant/respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the defendant/respondent with _____, a person of the defendant's/respondent's family over the age of 15 years who permanently resides with the defendant/respondent.

☐ (for service on a corporation) delivering a copy of the summons and a copy of the complaint to: _____ (name) _____ (title).

☐ other: _____.

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____ | _____
Printed Name of Sheriff or Server | Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

Subscribed and sworn to before me on _____ (date).

*(Seal)*

My commission expires: _____ | _____
Date | Notary Public

| **Sheriff's Fees, if applicable** | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary<br>Supplemental Surcharge | $_____10.00_____ |
| Mileage | $_____ (_____ miles @ $._____ per mile) |
| **Total** | $_____ |

A copy of the summons and a copy of the petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

OSCA (06-18) SM30 (SMCC) *For Court Use Only*: Document Id # 18-SMCC-483    1 of 1    Civil Procedure Form No. 1; Rules 54.01 – 54.05, 54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

Case 4:18-cv-00687-ODS   Document 1-1   Filed 08/30/18   Page 26 of 33



SB 8-22

## IN THE 17TH JUDICIAL CIRCUIT, CASS COUNTY, MISSOURI

<div align="right"><em>Electronically Filed - Cass - August 06, 2018 - 02:54 PM</em></div>

| Judge or Division:<br>WILLIAM B COLLINS | Case Number: 18CA-CC00153 |
|---|---|
| Plaintiff/Petitioner:<br>JOE DAWSON MILLER<br><div align="right">vs.</div> | Plaintiff's/Petitioner's Attorney/Address<br>BRYAN TURNER WHITE<br>1010 WALNUT STE 400<br>KANSAS CITY, MO 64106 |
| Defendant/Respondent:<br>O'REILLY AUTOMOTIVE STORES INC | Court Address:<br>Cass County Justice Center<br>2501 West Mechanic<br>HARRISONVILLE, MO 64701 |
| Nature of Suit:<br>CC Other Tort | |

<div align="right">(Date File Stamp)</div>

## Summons in Civil Case

The State of Missouri to: O'REILLY AUTOMOTIVE STORES INC d/b/a O'REILLY AUTO PARTS

**CT Corporation System**
**120 South Central Avenue**
**Clayton, Mo 63105**



30 CTCOR

**COURT SEAL OF**

*CASS COUNTY*

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

Further Information: /s/ Kim York, Circuit Clerk, 7/23/2018, 02:54 PM

### Sheriff's or Server's Return

**Note to serving officer**: Summons should be returned to the court within 30 days after the date of issue.

I certify that I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the defendant/respondent.
☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the defendant/respondent with _____, a person of the defendant's/respondent's family over the age of 15 years who permanently resides with the defendant/respondent.
☑ (for service on a corporation) delivering a copy of the summons and a copy of the complaint to:
LCW — A. BRANDON (name) INTAKE SPECIALIST (title).
☐ other: _____

Served at CT CORR. (address)
in St. Louis County (County/City of St. Louis), MO, on AUG 0 3 2018 (date) at _____ (time).

Rochell Hue (Printed Name of Sheriff or Server)     Rohut (Signature of Sheriff or Server)

Must be sworn before a notary public if not served by an authorized officer:

Subscribed and sworn to before me on _____ (date).

*(Seal)*

My commission expires: _____
<div align="right">Date          Notary Public</div>

| Sheriff's Fees, if applicable | | |
|---|---|---|
| Summons | $_____ | |
| Non Est | $_____ | |
| Sheriff's Deputy Salary<br>Supplemental Surcharge | $_____10.00_____ | |
| Mileage | $_____ ( _____ miles @ $._____ per mile) | |
| Total | $_____ | |

A copy of the summons and a copy of the petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

OSCA (06-18) SM30 (SMCC) *For Court Use Only:* **Document Id # 18-SMCC-484**     1 of 1     Civil Procedure Form No. 1; Rules 54.01 – 54.05, 54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

18-SMCC-0508

JUL 30 2018 RECEIVED

AM 10: 3

SB8-22



# IN THE 17TH JUDICIAL CIRCUIT, CASS COUNTY, MISSOURI

| Judge or Division:<br>WILLIAM B COLLINS | Case Number: 18CA-CC00153 |
|---|---|
| Plaintiff/Petitioner:<br>JOE DAWSON MILLER<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>BRYAN TURNER WHITE<br>1010 WALNUT STE 400<br>KANSAS CITY, MO 64106 |
| Defendant/Respondent:<br>OREILLY AUTOMOTIVE | Court Address:<br>Cass County Justice Center<br>2501 West Mechanic<br>HARRISONVILLE, MO 64701 |
| Nature of Suit:<br>CC Other Tort | |

(Date File Stamp)

## Summons in Civil Case

The State of Missouri to: OREILLY AUTOMOTIVE
Alias:

SERVE Registered Agent:
CT CORP SYSTEM
120 SOUTH CENTRAL AVE
CLAYTON, MO 63105



COURT SEAL OF

CASS COUNTY

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

Further Information: /s/ Kim York, Circuit Clerk, 7/23/2018, 01:17 PM

### Sheriff's or Server's Return

Note to serving officer: Summons should be returned to the court within 30 days after the date of issue.
I certify that I have served the above summons by: (check one)
☐ delivering a copy of the summons and a copy of the petition to the defendant/respondent.
☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the defendant/respondent with _____, a person of the defendant's/respondent's family over the age of 15 years who permanently resides with the defendant/respondent.
☑ (for service on a corporation) delivering a copy of the summons and a copy of the complaint to LCW – A. BRANDON (name) INTAKE SPECIALIST (title).
☐ other: _____

Served at CT CORR (address)
in St. Louis County (County/City of St. Louis), MO, on AUG 0 3 2018 (date) at _____ (time).

Rochell Thet                    Rocky
Printed Name of Sheriff or Server        Signature of Sheriff or Server

Must be sworn before a notary public if not served by an authorized officer:
Subscribed and sworn to before me on _____ (date).
(Seal)
My commission expires: _____
                        Date              Notary Public

| Sheriff's Fees, if applicable | |
|---|---|
| Summons | $ |
| Non Est | $ |
| Sheriff's Deputy Salary Supplemental Surcharge | $ 10.00 |
| Mileage | $ ___ ( ___ miles @ $ ___ per mile) |
| Total | $ |

A copy of the summons and a copy of the petition must be served on each defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

OSCA (06-18) SM30 (SMCC) For Court Use Only: Document Id # 18-SMCC-482      1 of 1      Civil Procedure Form No. 1; Rules 54.01 – 54.05, 54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

RECEIVED JUL 30 2018

Electronically Filed - Cass - August 06, 2018 - 02:49 PM

Case 4:18-cv-00687-ODS   Document 1-1   Filed 08/30/18   Page 28 of 33

$SB$
$8\text{-}22$



## IN THE 17TH JUDICIAL CIRCUIT, CASS COUNTY, MISSOURI

| Judge or Division:<br>WILLIAM B COLLINS | Case Number: 18CA-CC00153 | |
|---|---|---|
| Plaintiff/Petitioner:<br>JOE DAWSON MILLER<br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>BRYAN TURNER WHITE<br>1010 WALNUT STE 400<br>KANSAS CITY, MO 64106 | |
| Defendant/Respondent:<br>OREILLY AUTOMOTIVE | Court Address:<br>Cass County Justice Center<br>2501 West Mechanic<br>HARRISONVILLE, MO 64701 | |
| Nature of Suit:<br>CC Other Tort | | (Date File Stamp) |

### Summons in Civil Case

The State of Missouri to:  **OZARK AUTOMOTIVE DISTRIBUTORS, INC.**

CT CORP. Per pet        Alias:

**Serve: Registered Agent:**
**120 SOUTH CENTRAL AVNUE**
**CLAYTON, MO 63105**

30
CTCOR

*COURT SEAL OF*

*CASS COUNTY*

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

Further Information: | **/s/ Kim York, Circuit Clerk, 7/23/2018, 01:50 PM**

### Sheriff's or Server's Return

**Note to serving officer**: Summons should be returned to the court within 30 days after the date of issue.

I certify that I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the defendant/respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the defendant/respondent with _____, a person of the defendant's/respondent's family over the age of 15 years who permanently resides with the defendant/respondent.

☑ (for service on a corporation) delivering a copy of the summons and a copy of the complaint to:
___LCW—A. BRANDON_____ (name) ____INTAKE SPECIALIST_____ (title).

☐ other: _____

Served at __CT CORP._____ (address)

in __St. Louis County___ (County/City of St. Louis), MO, on __AUG 0 3 2018__ (date) at ____ (time).

__Rock/Gill Thiet__                              __Worthy__
Printed Name of Sheriff or Server                Signature of Sheriff or Server

Must be sworn before a notary public if not served by an authorized officer:

Subscribed and sworn to before me on _____ (date).

*(Seal)*

My commission expires: _____
                          Date                              Notary Public

| Sheriff's Fees, if applicable | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary Supplemental Surcharge | $___10.00___ |
| Mileage | $_____ (_____ miles @ $.____ per mile) |
| Total | $_____ |

A copy of the summons and a copy of the petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

$18\text{-}SMCC\text{-}6564$

Electronically Filed - Cass - August 06, 2018 - 02:55 PM
Electronically Filed - Cass - July 20, 2018 - 02:?? PM

IN THE CIRCUIT COURT OF CASS COUNTY, MISSOURI

| | |
|---|---|
| JOE MILLER and<br>KENNY HIGGS, each on behalf of<br>themselves and others similarly situated;<br><br>          Plaintiff,<br><br>v.<br><br>O'REILLY AUTOMOTIVE, INC.<br>    Serve Registered Agent:<br>    CT Corporation System<br>    120 South Central Ave.<br>    Clayton, MO 63105<br><br>OZARK AUTOMOTIVE<br>DISTRIBUTORS, INC.<br>    Serve Registered Agent:<br>    CT Corporation System<br>    120 South Central Ave.<br>    Clayton, MO 63105<br><br>O'REILLY AUTOMOTIVE<br>STORES, INC. d/b/a<br>O'REILLY AUTO PARTS,<br>    Serve Registered Agent:<br>    CT Corporation System<br>    120 South Central Avenue<br>    Clayton MO 63105<br><br>and<br><br>OMNI SPECIALTY PACKAGING , LLC<br>    Serve Registered Agent:<br>    John F. McDermott<br>    Taylor Porter Brooks & Phillips LLP<br>    450 Laurel St., 8th Floor<br>    Baton Rouge, LA 70801<br><br>          Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)   Case No. _____<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |



**SHERIFF**
East Baton Rouge Parish
Post Office Box 3277
Baton Rouge, Louisiana 70821

SID J. GAUTREAUX, III
SHERIFF & TAX COLLECTOR

225-389-5000
FAX   225-389-5032

*AFFIDAVIT OF SERVICE*

Case Number: <u>18 CA –CC00153</u>

State of:  <u>MISSOURI</u>

County:  CASS

Received: <u>07/30/2018</u>

Today's Date: <u>08/06/2018</u>

State of Louisiana, Parish of East Baton Rouge

I, <u>DY, S. DEROSIN,</u>  A Deputy Sheriff for the Parish of East Baton Rouge, State of Louisiana, being first duly sworn that I am over the age of 18 years, a resident of the Parish of East Baton Rouge, State of Louisiana and I am not a party to nor an Attorney for either parties in the matter at hand.

I <u>DID</u> serve the <u>SUMMONS</u> in the East Baton Rouge Parish, State of Louisiana in Person and personally upon: <u>R/A JOHN F MCDERMOTT TAYLOR PORTER BROOKS & PHILLIPS LLP 450 LAUREL STREET 8TH. FLOOR BATON ROUGE, LA. 70801</u> on the <u>2ND.</u> Of <u>AUGUST,. 2018</u> by delivering to the said person a copy of the said documents.

*Dy. S. Derosin # 1006*

**Deputy Sheriff**
**East Baton Rouge Parish**
**State of Louisiana**

Sworn to and subscribed before me this <u>13</u> day of <u>Aug</u>, 2018

**Ex-Officio Notary Public**
**Deputy, EBR Sheriff's Office**

Electronically Filed - Cass - August 20, 2018 - 09:54 AM



# IN THE 17TH JUDICIAL CIRCUIT COURT, CASS COUNTY, MISSOURI

| | |
|---|---|
| Judge or Division:<br>WILLIAM B COLLINS | Case Number: 18CA-CC00153 |
| Plaintiff/Petitioner:<br>JOE DAWSON MILLER | Plaintiff's/Petitioner's Attorney/Address:<br>BRYAN TURNER WHITE<br>1010 WALNUT STE 400<br>KANSAS CITY, MO 64106 |
| vs. | |
| Defendant/Respondent:<br>O'REILLY AUTOMOTIVE STORES INC | Court Address:<br>Cass County Justice Center<br>2501 West Mechanic |
| Nature of Suit:<br>CC Other Tort | HARRISONVILLE, MO 64701 |
| | (Date File Stamp) |

## Summons for Personal Service Outside the State of Missouri
### (Except Attachment Action)

The State of Missouri to:  OMNI SPECIALTY PACKAGING, LLC
Alias:
R/A JOHN F MCDERMOTT,
TAYLOR PORTER BROOKS & PHILLIPS LLP
450 LAUREL STREET
8TH FLOOR
BATON ROUGE, LA 70801

*COURT SEAL OF*

*CASS COUNTY*

You are summoned to appear before this court and to file your pleading to the petition, copy of which is attached, and to serve a copy of your pleading upon the attorney for the Plaintiff/Petitioner at the above address all within 30 days after service of this summons upon you, exclusive of the day of service.  If you fail to file your pleading, judgment by default will be taken against you for the relief demanded in this action.

Further Information: | **/s/ Kim York, Circuit Clerk, 7/23/2018, 03:08 PM** |

### Officer's or Server's Affidavit of Service

I certify that:
1. I am authorized to serve process in civil actions within the state or territory where the above summons was served.
2. My official title is _____ of _____ County, _____ (state).
3. I have served the above summons by:  (check one)
   ☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
   ☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____, a person of the Defendant's/Respondent's family over the age of 15 years.
   ☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to _____ (name) _____ (title).
   ☐ other (describe) _____

Served at _____ (address)
in _____ County, _____ (state), on _____ (date) at _____ (time).

_____      _____
Printed Name of Sheriff or Server      Signature of Sheriff or Server

**Subscribed and Sworn To** me before this _____ (day) _____ (month) _____ (year)
I am: (check one)  ☐ the clerk of the court of which affiant is an officer.
☐ the judge of the court of which affiant is an officer.
☐ authorized to administer oaths in the state in which the affiant served the above summons.
(use for out-of-state officer)
☐ authorized to administer oaths.  (use for court-appointed server)

*(Seal)*

_____
Signature and Title

| Service Fees, if applicable | |
|---|---|
| Summons | $ _____ |
| Non Est | $ _____ |
| Mileage | $ _____ ( _____ miles @ $ _____ per mile) |
| Total | $ _____ |

See the following page for directions to clerk and to officer making return on service of summons.

---

OSCA (7-04) SM60 *For Court Use Only:* **Document ID#** 18-SMOS-73     1 of 2     (18CA-CC00153)     Rules 54.06, 54.07, 54.14, 54.20;<br>506.500, 506.510 RSMo

*Personal - Beverly*
*8/2/18 - Br. S. Brown #1006*

## Directions to Clerk

Personal service outside the State of Missouri is permitted only upon certain conditions set forth in Rule 54. The clerk should insert in the summons the names of only the Defendant/Respondent or Defendants/Respondents who are to be personally served by the officer to whom the summons is delivered. The summons should be signed by the clerk or deputy clerk under the seal of the court and a copy of the summons and a copy of the petition for each Defendant/Respondent should be mailed along with the original summons to the officer who is to make service. The copy of the summons may be a carbon or other copy and should be signed and sealed in the same manner as the original but it is unnecessary to certify that the copy is a true copy. The copy of the motion may be a carbon or other copy and should be securely attached to the copy of the summons but need not be certified a true copy. If the Plaintiff's/Petitioner has no attorney, the Plaintiff's/Petitioner's address and telephone number should be stated in the appropriate square on the summons. This form is not for use in attachment actions. (See Rule 54.06, 54.07 and 54.14)

## Directions to Officer Making Return on Service of Summons

A copy of the summons and a copy of the motion must be served on each Defendant/Respondent. If any Defendant/Respondent refuses to receive the copy of the summons and motion when offered, the return shall be prepared accordingly so as to show the offer of the officer to deliver the summons and motion and the Defendant's/Respondent's refusal to receive the same.

Service shall be made: (1) On Individual. On an individual, including an infant or incompetent person not having a legally appointed guardian, by delivering a copy of the summons and motion to the individual personally or by leaving a copy of the summons and motion at the individual's dwelling house or usual place of abode with some person of the family over 15 years of age, or by delivering a copy of the summons and petition to an agent authorized by appointment or required by law to receive service of process; (2) On Guardian. On an infant or incompetent person who has a legally appointed guardian, by delivering a copy of the summons and motion to the guardian personally; (3) On Corporation, Partnership or Other Unincorporated Association. On a corporation, partnership or unincorporated association, by delivering a copy of the summons and motion to an officer, partner, or managing or general agent, or by leaving the copies at any business office of the Defendant/Respondent with the person having charge thereof or by delivering copies to its registered agent or to any other agent authorized by appointment or required by law to receive service of process; (4) On Public or Quasi-Public Corporation or Body. Upon a public, municipal, governmental or quasi-public corporation or body in the case of a county, to the mayor or city clerk or city attorney in the case of a city, to the chief executive officer in the case of any public, municipal, governmental, or quasi-public corporation or body or to any person otherwise lawfully so designated.

Service may be made by an officer or deputy authorized by law to serve process in civil actions within the state or territory where such service is made.

Service may be made in any state or territory of the United States. If served in a territory, substitute the word "territory" for the word "state."

The office making the service must swear an affidavit before the clerk, deputy clerk, or judge of the court of which the person is an officer or other person authorized to administer oaths. This affidavit must state the time, place, and manner of service, the official character of the affiant, and the affiant's authority to serve process in civil actions within the state or territory where service is made.

Service must not be made less than ten days nor more than 30 days from the date the Defendant/Respondent is to appear in court. The return should be made promptly and in any event so that it will reach the Missouri Court within 30 days after service.