**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION**

JOE MILLER,                 )
KENNY HIGGS,             )
RAY BIERI, and             )
DON SHERWOOD,           )
each on behalf of himself       )
and others similarly situated;    )
                         )
          Plaintiff,      )
                         )     Case No. 4:18-cv-687
      v.                 )
                         )
O'REILLY AUTOMOTIVE, INC.,    )
                         )
OZARK AUTOMOTIVE        )
DISTRIBUTORS, INC.,         )
                         )
O'REILLY AUTOMOTIVE      )
STORES, INC. d/b/a         )
O'REILLY AUTO PARTS,      )
                         )
and                    )
                         )
OMNI SPECIALTY PACKAGING , LLC  )
                         )
         Defendants.    )

**FIRST AMENDED CLASS ACTION COMPLAINT**

COME NOW Plaintiffs, on behalf of themselves and all others similarly situated, and for

their First Amended Class Action Complaint causes of action state and allege as follows:

**INTRODUCTION**

1.     For years, Defendants, as well as other lubricant manufacturers and sellers, have

deceptively and misleadingly labeled, marketed and sold tractor hydraulic fluid as "303" fluid

meeting "303" specifications when, in fact, the "303" designation is obsolete and 303

specifications have not been available for over forty (40) years. These manufacturers and sellers

have also deceptively and misleadingly labeled, marketed and sold tractor hydraulic fluid as meeting certain manufacturer specifications and providing certain anti-wear and protective benefits when, in fact, Defendants knew, or should have known, the fluid they were selling did not meet all listed manufacturer specifications and did not contain the anti-wear and protective properties required in Tractor Hydraulic Fluid.

2.      Tractor Hydraulic Fluid (THF) is a multifunctional lubricant that has been manufactured for and used in tractors and equipment for over fifty (50) years.  It is designed to act as a hydraulic fluid, transmission fluid and gear oil for this equipment.  In the 1960s and early 1970s, John Deere (Deere) manufactured a popular and widely used THF called JD-303 or simply "303," and the term "303" became synonymous with the John Deere name and this high-quality and effective THF product.

3.      Sperm whale oil was an essential ingredient in Deere's 303 THF.  In the mid-1970s, the passage of laws protecting endangered species outlawed the use of sperm whale oil.   Deere was forced to manufacture a new tractor hydraulic fluid with different additives that would be both effective and affordable.   Deere's "303" formula could no longer be manufactured or sold, and because its essential ingredient—sperm whale oil—could no longer be used, the designation became obsolete and there are no specifications available for "303" tractor hydraulic fluids.

4.      After it stopped producing and selling its 303 THF, Deere manufactured and sold several THF products with certain ingredient, viscosity, anti-wear and detergent additive specifications, including J14B, J20A and J20B.  Many other manufacturers created and sold fluids that purported to be similar.  The J14B specification became obsolete in the late 1970s.  During the time the J20A/B specifications were in use, Deere used a licensing program called Quatrol to police the quality of THF products in the marketplace.  The Quatrol program required blenders

and sellers of competing THF products to submit test data to Deere prior to the use of the J20A specification on their product labels, to ensure the products met the advertised specifications.

5.      In the late 1980s or early 1990s, Deere abandoned the J20A/B specification as well. Today, John Deere manufactures and sells THF meeting a specification called J20C or J20D (low viscosity).  The J20C fluid is sold under the name "Hy-Gard," and many other manufacturers market and sell products meeting the J20C specification in order to compete with John Deere.  The following timeline illustrates the history of 303 THF:



**TRACTOR HYDRAULIC FLUID (THF) TIMELINE**

JOHN DEERE THF SPECIFICATIONS

| John Deere Specification | Comment | JD Issue Date |
|---|---|---|
| JDM J20D[3] | THF for cold climates | 1989 - Current |
| JDM J20C[2] | Primary THF specification | 1989 - Current |
| JDM J20B[3] | DISCONTINUED – replaced by JDM J20D | 1978 - 1989 |
| JDM J20A[2] | DISCONTINUED – replaced by JDM J20C | 1978 - 1989 |
| JDM J14B | DISCONTINUED – replaced by JDM J20A/B | 1974 - 1978 |
| JDM J303[1] | DISCONTINUED – replaced by JDM J14B | 1960 - 1974 |

Footnotes:
1.  There are no specifications available for 303 Tractor Hydraulic Fluids and, as such, products making only "303" claims cannot be tested to assure compliance with any known specifications.
2.  Transmission/Hydraulic Fluid with Anti-Brake Chatter Properties (For Summer or warm weather climates)
3.  Low Viscosity Transmission/Hydraulic Fluid with Anti-Brake Chatter Properties (For Winter or cold weather climates)

6.      John Deere discontinued the Quatrol program around the time J20A was discontinued (approximately 1989). The subsequent lack of a quality control program or policing of the products on the market resulted in a "free for all" with respect to the THF manufactured and sold in the open market and the opportunity for unscrupulous manufacturers and sellers to falsely use the Deere specifications (and other manufacturers' specifications) on the labels of the THF products they sell.

3

7.     Manufacturers and sellers of THF deceptively and illegally trade on the obsolete and non-existent "303" designation, the other obsolete J14B and J20A specifications, and the John Deere trade name that was and has continued to be so prevalent in the industry.  Because there is no known "303" specification, there is no way for manufacturers, sellers, or anyone else to truthfully claim the products meets or is in compliance with any such specification.

8.     Nonetheless, manufacturers and sellers promote these 303 THF products as a lower cost alternative, and offer them for sale as economically priced tractor hydraulic fluids that meet many (or in some cases all) manufacturers specifications, have effective lubricant and anti-wear additives and properties, and are safe for use in purchasers' equipment.  The THF fluids are often sold with eye-catching photos of modern tractors and industrial equipment and are sold in bright, yellow 5-gallon buckets.  By name dropping a list of equipment manufacturers, Defendants and other sellers seek to create an impression of quality and take advantage of consumers' lack of understanding of the multitude of complex manufacturer specifications.  Defendants' O'Reilly 303 Tractor Hydraulic Fluid is one such product.

9.     In addition to deceptively promoting a designation that is obsolete, manufacturers use poor quality base oils, waste oil, line flush, used motor oil and diluted additive packages in their 303 THF products in order to keep production costs down and increase profits.  As a result of the inferior ingredients and this "down-treating" of addictive packages, the 303 THF fluids not only lack the required lubricant and protective benefits offered to purchasers, when they are used the fluids actually cause purchasers' equipment to suffer increased wear and damage to the spiral gear, excessive wear in the planetaries, improper and poor shifting, seal leakage, and improper operation of the wet brakes. Despite use of these inferior ingredients and inadequate protective

4

additives, the 303 THF is labeled and marketed to unsuspecting purchasers as meeting manufacturer specifications and providing certain benefits and anti-wear properties.

10.     In November 2017, because of the deceptive nature of the 303 THF products, the failures of the products to meet any published specification, and the damage the products could cause to consumers' equipment, the State of Missouri's Department of Agriculture, Division of Weights and Measures, banned Defendants and all other manufacturers and sellers from offering "303" THF products for sale in Missouri.

11.     Prior to the State of Missouri's ban, for years, Defendants' conduct harmed consumers like Plaintiffs, who purchased "303" tractor hydraulic fluid products, more specifically O'Reilly 303 Tractor Hydraulic Fluid (303 THF Product), that were offered and sold as an acceptable tractor hydraulic fluids that meet certain manufacturer specifications and as fluids that are safe for use in farm, construction and logging equipment and have certain characteristics and qualities that protect equipment from wear and damage.

12.     In reality, instead of receiving a product that was an acceptable tractor hydraulic fluid that met manufacturers' specifications, Plaintiffs and other purchasers received a 303 THF Product that, contrary to Defendants' labeling, had no known specifications, had contents and additives that varied, were unknown, were obsolete, did not possess the claimed protective characteristics and/or did not meet one or more of the manufacturers' specifications and therefore caused consumers' equipment damage and harm, increased wear, and caused consumers to overpay for a product that was worthless and/or worth much less than the sale price. Like many other consumers throughout the State of Missouri, Plaintiffs Joe Miller, Kenny Higgs, Ray Bieri and Don Sherwood each purchased Defendants' 303 THF Product, and suffered damage as a result.

## PARTIES

13.    Plaintiff Joe Miller is a citizen and resident of Pleasant Hill, Missouri.

14.    Plaintiff Kenny Higgs is a citizen and resident of Pleasant Hill, Missouri.

15.    Plaintiff Ray Bieri is a citizen and resident of California, Missouri.

16.    Plaintiff Don Sherwood is a citizen and resident of Pleasant Hill, Missouri.

17.    Defendant O'Reilly Automotive, Inc. (O'Reilly Automotive) is a for-profit corporation organized and existing under the laws of the State of Missouri, with its principal place of business in Springfield, Missouri. Defendant O'Reilly Automotive has advertised and sold its products in Cass County and throughout the State of Missouri at its O'Reilly Auto Parts stores, including at 2102 North Highway 7 in Pleasant Hill, Missouri.

18.    Defendant Ozark Automotive Distributors, Inc. (Ozark) is a for-profit corporation organized and existing under the laws of the State of Missouri, with its principal place of business in Springfield, Missouri. Defendant Ozark has advertised and sold its products in Cass County and throughout the State of Missouri at O'Reilly Auto Parts stores, including at 2102 North Highway 7 in Pleasant Hill, Missouri.

19.    Defendant O'Reilly Automotive Stores, Inc. (O'Reilly Stores) is a for-profit corporation organized and existing under the laws of the State of Missouri, with its principal place of business in Springfield, Missouri. Defendant O'Reilly Stores has stores throughout Missouri, including at 2102 North Highway 7 in Pleasant Hill, Missouri.

20.    Defendant Omni Specialty Packaging, LLC (Omni) is for-profit company with its principal place of business in Northbrook, Illinois. Defendant Omni has advertised and sold its products, including the O'Reilly 303 Tractor Hydraulic Fluid, in Cass County at O'Reilly Auto Parts Stores and throughout the State of Missouri.

6

## JURISDICTION AND VENUE

21. This action was originally filed in Cass County Circuit Court, State of Missouri, which was an appropriate venue because the false representations, deceptive, dishonest, and misleading practices and the unjust enrichment, occurred in Cass County and elsewhere in the State of Missouri.

22. The Circuit Court of Cass County, Missouri had personal jurisdiction over Defendants because Defendants transact business in Missouri, with their various advertising methods and product sales directed toward Missouri residents. Additionally, original Plaintiffs Miller and Higgs purchased the products at issue in Cass County, Missouri.

23. This is a civil case in which the Cass County Circuit Court, State of Missouri, had jurisdiction pursuant to Mo. Const., Art. V. § 14.

24. Defendants removed this action to Federal Court. Jurisdiction and venue is appropriate in the United States District Court for the Western District of Missouri.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

25. Defendants O'Reilly Automotive, Ozark and O'Reilly Stores (collectively, "O'Reilly") are in the business of selling and advertising for sale certain merchandise or retail products in trade or commerce at retail stores within Cass County and other Counties throughout the State of Missouri.

26. Defendant Omni is in the business of manufacturing certain merchandise or retail products which are to be sold in trade or commerce at retail stores within Cass County and other Counties throughout the State of Missouri.

27. During some or all of the time period from 2013 to the present, Defendants sold and advertised a 303 THF Product in yellow buckets called O'Reilly 303 Tractor Hydraulic Fluid.

7

28.     During some or all of the time period from 2013 to the present, Defendant Omni manufactured and advertised the O'Reilly 303 Tractor Hydraulic Fluid sold by Defendants.

**Defendants' Deceptive Labeling, Marketing and Advertising**

29.     During some or all of the time period from 2013 to the present, the O'Reilly Defendants and Omni offered for sale in stores all over Missouri the O'Reilly 303 Tractor Hydraulic Fluid product as an acceptable tractor hydraulic fluid meeting a wide number of manufacturers' specifications.

30.     Defendants falsely and deceptively labeled, marketed and offered for sale the O'Reilly 303 Tractor Hydraulic Fluid product (1) as multi-service oil providing excellent performance for the majority of hydraulic, wet brake and transmission requirements of most equipment manufacturers; (2) as providing excellent results for brake squawk, PTO clutch performance, rust protection, water sensitivity, extreme pressure anti-wear properties, and foam suppression; and (3) as a fluid that may be used as a replacement fluid in equipment made by Allis-Chalmers, Massey Ferguson, White, Allison, Case, International Harvester, Oliver, John Deere 303, Duetz, Ford and Caterpillar.

31.     Defendants' labeling, marketing, advertising and sale of the 303 THF Product has been widespread, continuous and contained on various signs, labels and advertisements throughout the State of Missouri for years.  Representative examples of Defendants' labeling, marketing and advertising materials are set forth below.

32.     O'Reilly 303 Tractor Hydraulic Fluid was specifically labeled, marketed and advertised as follows:



33.     These representations were also contained in Defendants' advertising circulars and/or on Defendants' websites.

34.     By naming, labeling, marketing, advertising and selling the 303 THF Product in the foregoing manner, and by describing the product using words such as "multi-service" and "excellent performance," Defendants sought to create, and did create, an image in the minds of Plaintiffs and other consumers that would lead a reasonable consumer to conclude that Defendants' 303 THF Product was completely safe and effective for use in consumers' equipment and all equipment made by the listed manufacturers.

35.     Defendants' product name, labeling, advertising and marketing of their 303 THF Products was material to the reasonable consumer.

36.     At the time of Defendants' labeling, advertisements, marketing and other representations, and as Defendants already knew, the representations regarding the 303 THF

9

Products were false, deceptive and misleading to consumers seeking to purchase tractor hydraulic fluid.

37.    The John Deere "303" designation is over 50 years old and has been obsolete for many years.  Certain ingredients of the original John Deere 303 fluid—such as sperm whale oil—have been banned since the 1970s and are no longer available for use.  As a result, manufacturers have been unable to make and sell true "303" fluid for over forty (40) years and there are no known specifications for 303 fluid.   Defendants knew or should have known that at the time they were marketing and selling the 303 THF Product during the Class Period, there were no specifications available for "303" tractor hydraulic fluid and, therefore, claims that the 303 THF Product met "303" specifications could not possibly be true, and Defendants had no way to ensure the accuracy of representations that their 303 THF Product was in compliance with any known specifications.

38.    As Defendants knew, or should have known, the 303 THF Product manufactured by Defendants and sold in the yellow buckets lacked some or all of the additives required to provide the advertised "qualities," including but not limited to rust protection and foam suppression.

39.    As Defendants knew, or should have known, the 303 THF Product manufactured by Defendants and sold in the yellow buckets did not meet all current specifications (and failed to meet certain obsolete specifications) for any manufacturers of farm, logging and construction equipment.  Alternatively, Defendants knew, or should have known, they had no basis on which to sell the 303 THF Product as a tractor hydraulic fluid that met the specifications of all manufacturers listed on the label because, on information and belief, either 1) Defendants' test data showed the viscosity, pour point and additive levels of the 303 THF fluids varied, was inconsistent, and did not meet some or all of the specifications of the manufacturers listed on the

10

labels; or 2) Defendants did not have any test data to confirm the 303 THF Product always had the viscosity, pour point or additive levels that met all manufacturers' specifications or that were needed for a fluid suitable for use in consumers' equipment.

40.     At no point in time, on the label of the 303 THF product or otherwise, did Defendants tell purchasers the truth, including that:

      a.  The "303" designation is obsolete, an essential ingredient in the formula was banned in the 1970s, and there is no known 303 specification against which to test the fluids offered for sale;

      b.  The 303 THF Product contained a "down-treated" additive package;

      c.  Defendants' test data did not confirm all of the 303 THF Product met all manufacturers' specifications;

      d.  Defendants have no idea whether all of the 303 THF Product they offered for sale met the requirements of, has acceptable anti-wear properties, or is suitable for use in tractors or other equipment;

      e.  The 303 THF Product may expose purchasers' equipment to increased wear and damage; and,

      f.  Use of the 303 THF Product would cause damage to purchasers' equipment, such as damage to the spiral gear in the drive, excessive wear, seal leakage, high pump leakage, and damage from deposits, sludging and thickening.

41.     Instead, the 303 THF Product was deceptively offered for sale as a fluid containing quality base oils, sufficient additives, and meeting the obsolete and unavailable "303" specification.

11

## The State of Missouri's Testing of 303 THF

42.    Because of the poor, uncertain quality of 303 tractor hydraulic fluids and the deceptive way in which they are manufactured and sold, several private and governmental entities have been concerned about the sale of the fluids, the misleading nature of the labeling, and the damage the fluids can do to tractors and other equipment. The Missouri Department of Agriculture (MDA) is one such entity.

43.    In the summer of 2017, the MDA sampled fourteen (14) different 303 THF products, many of which claimed to meet manufacturers' specifications and claimed to work in almost every tractor. Defendants' 303 THF Product was purchased in Missouri by the MDA in 2017 and was one of the products tested.

44.    The MDA tested the fluids' viscosity, pour point, and additive and detergent levels to determine whether those levels met any current industry tractor hydraulic fluid specifications, namely, John Deere's J20C specifications.

45.    As a result of the testing, the MDA concluded that all fourteen (14) of these 303 THF products failed to meet any current specifications and were found to be underperforming to the point that damage was likely to result from use.

46.    Defendants' 303 THF Product was one of the fluids that failed to meet current specifications.  More specifically, Defendants' 303 THF Product had a viscosity (Kinematic Viscosity @ 100C) level of 8.641. The J20C specification for KV@100C requires a minimum of 9.1 and therefore Defendants' 303 THF Product fell short of the standard. Defendants' 303 THF Product had a pour point of -32C. The J20C specification for pour point requires of -36C, and therefore Defendants' 303 THF Product fell short of the standard:

12

| Sample ID | Property | Units | Test Result | J20C, Min |
|-----------|----------|-------|-------------|-----------|
| 8197/1 | Kinematic Viscosity @100°C | cSt | 8.641 | 9.1 |
| **Sample ID** | **Property** | **Units** | **Test Result** | **J20C, Max** |
| 8197/1 | Pour Point | °C | -32 | -36 |

47.     Defendants' 303 THF product was also found to have additive levels of calcium, phosphorous and zinc that were well below (50% or more less than) the additive levels found in fluids meeting the J20C specification.

48.     Furthermore, Defendants' 303 THF product did not meet many or all of the specifications of the other manufacturers Defendants list on the labels and advertising of their 303 THF Product.

49.     After its testing and research of the tractor hydraulic fluids, the MDA notified Defendants that O'Reilly 303 Tractor Hydraulic Fluid was misbranded and violated Missouri's law prohibiting deceptive business practices (sec. 413.115, RSMo.) because it failed to meet any current tractor manufacturer's specifications.  The MDA's October 12, 2017 letter to O'Reilly and Ozark with regard to O'Reilly 303 THF stated:

> The Missouri Department of Agriculture is responsible for insuring that all consumer commodities including motor oil, antifreeze, automatic transmission fluid, or other automotive products sold or offered for sale in the state of Missouri meet the requirements of Missouri Revised Statute, Chapter 413 Weights and Measures and/or Missouri Code of State Regulation 2 CSR 90-22.140, Packaging and Labeling Requirements.
>
> On April 21, 2017, the Division of Weights, Measures and Consumer Protection purchased and tested a sample of O'Reilly 303 Tractor Hydraulic Fluid.  This product claims to meet John Deere 303 specifications. John Deere 303 was discontinued and was subsequently replaced with the current JDM-J20C or D.  Testing indicates your product does not meet Kinematic viscosity for John Deere J20C or pour point for J20D.  This product is misbranded because the product did not meet the specification limits. Additionally, the reported performance additive content is lower than a typical J20C.

13

50.     The MDA's letter then referenced Missouri Revised Statue 413.115 and noted the sale of misbranded commodities constituted a crime of deceptive business practice. The MDA letter to Defendants then noted: **"You are hereby ordered to remove this product from sale until changes are made to correct the labeling or the product."**

## Plaintiffs' Experience with Defendants' Advertising and Products

51.     In the five-year period prior to the original filing of this Class Action, Plaintiffs purchased Defendants' 303 THF Product on numerous occasions, primarily for personal, family, or household purposes.

52.     As with all members of the Class, in the five-year period prior to the filing of this Class Action Petition, Plaintiffs purchased Defendants' 303 THF Product based upon the label representations set forth above.

53.     In Missouri during the time period of 2013 through 2017, Plaintiff Joe Miller purchased and used O'Reilly 303 Tractor Hydraulic Fluid. For example, Plaintiff Miller purchased 5-gallon buckets of O'Reilly 303 Tractor Hydraulic Fluid at the O'Reilly Auto Parts Store located in Pleasant Hill, Missouri in the spring of 2016 and 2017.

54.     These 303 THF Products were used by Plaintiff Miller for personal use on the following equipment: 1967-68 Pettibone Super 6 forklift, 1972 John Deere 5020 tractor, 1976-77 International 1440 combine, 1997 ASV post-track MD70 Skid loader, and other equipment.

55.     In Missouri during the time period of 2013 through 2017, Plaintiff Kenny Higgs purchased and used O'Reilly 303 Tractor Hydraulic Fluid. For example, Plaintiff Higgs purchased over fifteen (15) 5-gallon buckets of O'Reilly 303 Tractor Hydraulic Fluid at the O'Reilly Auto Parts Store located in Pleasant Hill, Missouri in the 2015-2017 time period.

14

56.     These 303 THF Products were used by Plaintiff Higgs for personal use in track loaders and skid loaders.

57.     Plaintiff Ray Bieri purchased and used O'Reilly 303 Tractor Hydraulic Fluid. Between Summer of 2013 and the end of 2017, Plaintiff Bieri purchased 5-gallon buckets of O'Reilly 303 Tractor Hydraulic Fluid at the O'Reilly Auto Parts Store located in California, Missouri.

58.     The O'Reilly 303 THF Product was used by Plaintiff Bieri for personal use in a 1970s Massey Ferguson tractor and in other equipment.

59.     Plaintiff Don Sherwood purchased and used O'Reilly 303 Tractor Hydraulic Fluid. In Missouri during the time period of 2013 through 2017, Plaintiff Sherwood purchased 5-gallon buckets of O'Reilly 303 Tractor Hydraulic Fluid at the O'Reilly Auto Parts Store located in Pleasant Hill, Missouri, at a cost of approximately $43 each.

60.     These 303 THF Products were used by Plaintiff Sherwood for personal use in 1965 JD 3020, 1986 JD 4450, 2007 JD 5205, 2002 Caterpillar Model 963C, Massey Tractor, lift beds and trucks, and other tractors and equipment.

61.     As a result of Defendants' manufacturing and offering the 303 THF Product for sale in Missouri, Plaintiffs purchased a tractor hydraulic fluid that was (falsely and deceptively) offered for sale as a "303" fluid that contained quality base oils and additives, met required specifications and was safe for use in equipment when, in reality, the fluid offered was of uncertain quality, lacked adequate viscosity and additives, had a value much less than the price offered for sale, and was likely to expose equipment to increased risk of wear and damage.

62.     Plaintiffs reasonably relied upon Defendants' representation that the fluid was a "303" fluid and Defendants' own labeling, statements and advertisements concerning the particular qualities and benefits of the O'Reilly 303 THF Product.

63.     All reasonable consumers would consider Defendants' 303 THF Product to be suitable for use in tractors and other equipment and would not have any understanding or way to know that Defendants' 303 THF Product was of uncertain quality, lacked adequate viscosity and additives, had a value much less than the price offered for sale, and/or that use of Defendants' 303 THF Product would cause all equipment to suffer increased wear and damage.

64.     A reasonable consumer would consider Defendants' labeling, statements and advertisements when looking to purchase a tractor hydraulic fluid.  As a result of using Defendants' 303 THF Product, Plaintiffs and Class Members:  (a) paid a sum of money for a product that was not as represented; (b) received a lesser product than labeled, advertised and marketed; (c) were deprived of the benefit of the bargain because the 303 THF Product was different than what Defendants represented; (d) were deprived of the benefit of the bargain because the 303 THF Product had less value than what was represented; (e) did not receive a product that measured up to their expectations as created by Defendants; and (f) suffered damage to their equipment, including but not limited to excessive wear, leakage in the seals, exposure to spiral gear damage, improper and poor shifting, wear and damage to the wet brakes, high pump leakage, and damage from deposits, sludging and thickening.

65.     When Defendants manufactured, named, labeled, marketed, advertised, distributed, and sold Plaintiffs and Class Members their 303 THF Product, Defendants knew or should have known that product (1) did not meet manufacturer specifications and was not acceptable for use as hydraulic fluid, transmission fluid, and gear oil in older tractors and other

equipment; (2) was not an adequate substitute for and did not satisfy John Deere's JD-303 specifications and/or designation; (3) was not adequate to provides extreme pressure and anti-wear protection for tractor transmission, axles and hydraulic pumps; (4) was not adequate to protects against rust and corrosion; and (5) was not appropriate for use in equipment of Allis-Chalmers, Massey Ferguson, White, Allison, Case, International Harvester, Oliver, John Deere 303, Duetz, Ford and Caterpillar.

66.     Plaintiffs used the 303 THF Product in the manner in which Defendants advised it could and should be used.

67.     As a result of Defendants' 303 THF Product not meeting specifications as labeled, advertised, marketed, warranted, and promised, Defendants violated the Missouri Merchandising Practices Act, breached express and implied warranties, fraudulently or negligently induced Plaintiffs and Class Members to purchase their products through material misrepresentations, acted in a negligent manner, and were unjustly enriched.

68.     Defendants' manufacture, labeling, and sale of O'Reilly 303 Tractor Hydraulic Fluid was deceptive and misleading in at least the following respects:

> (a) Defendants' use of John Deere's "303" designation in the name of the product is deceptive and misleading. The O'Reilly 303 product is not a John Deere product, does not use John Deere 303's formula and cannot meet the specifications for John Deere 303. Defendants packaged their O'Reilly 303 product in the yellow bucket with illustrations of modern tractors and equipment, and used and traded on the John Deere name, so as to further the deceive and mislead and create impression that the 303 THF Product was a

legitimate tractor hydraulic fluid that met the specifications for John Deere 303 and other John Deere equipment.

(b) Defendants placed a deceptive and misleading statement on the product label by claiming that John Deere 303 is one of the specifications for which O'Reilly 303 is "[s]uitable as a replacement fluid for the following manufacturers where a tractor hydraulic fluid of this quality is recommended."

(c) Defendants placed a deceptive and misleading statement on the product label by listing ten (10) other manufacturers as those for which O'Reilly 303 THF is "[s]uitable as a replacement fluid for the following manufacturers where a tractor hydraulic fluid of this quality is recommended," without specifying the equipment/specifications purportedly met for each of those ten (10) manufacturers or exactly where the product is "recommended."

(d) Defendants engaged in deceptive and misleading conduct in failing to provide any notice, disclaimer, or warning on the label that the O'Reilly 303 THF Product is for use only in older tractors and equipment.

(e) Defendants placed a deceptive and misleading statement on the product label by listing manufacturers of equipment in which the O'Reilly 303 THF Product purportedly may be used, when in reality the product does not meet many of the specifications for the listed manufacturers' modern or older model equipment.

(f) Defendants made a deceptive and misleading statement on the product label by representing that the O'Reilly 303 THF Product is "formulated to resist leakage."

18

(g) Defendants made a deceptive and misleading statement on the product label when claiming that the O'Reilly 303 THF Product "[c]ontains advanced detergent/dispersant, anti-wear, anti-rust, and anti-foam additives."

(h) Defendants made a deceptive and misleading statement on the product label when claiming that the O'Reilly 303 THF Product "is a true multi-service oil providing excellent performance for the majority of hydraulic, wet brake and transmission requirements of most equipment manufacturers."

(i) Defendants made a deceptive and misleading statement on the product label when claiming that the O'Reilly 303 THF Product "provides excellent results for:

- Brake Squawk
- PTO clutch performance
- Rust protection
- Water sensitivity
- Extreme pressure anti-wear properties
- Foam suppression"

69.   The conduct listed in paragraph 68(a)-(i) constitutes deceptive business practices in violation of Missouri Revised Statute 413.115: "**Deceptive business practices, prohibited**- A person commits the crime of deceptive business practice if in the course of engaging in a business, occupation or profession, he or she reckless: (4) Sells, offers or exposes for sale misbranded commodities."

70.   This action is brought by Plaintiffs against Defendants to recover all money paid by Plaintiffs and Class Members to Defendants for purchase of the O'Reilly 303 THF Product which was labeled,  marketed, advertised, and sold in the dishonest, misleading, and deceptive manners noted herein, for recovery of the damage caused to equipment owned by Plaintiffs and

19

the Class Members, for punitive damages, attorneys' fees, costs, and for all other remedies available to those aggrieved by Defendants' conduct.

## CLASS ACTION ALLEGATIONS

71.     Plaintiffs bring this Class Action pursuant to Rule 23 of the Federal Rules of Civil Procedure, on behalf of themselves and the following Class of similarly situated persons:

> All persons and other entities who purchased O'Reilly 303 Tractor Hydraulic Fluid in Missouri at any point in time from July 20, 2013 to present, excluding those who purchased for resale.

72.     Also excluded from the Class are Defendants, including any parent, subsidiary, affiliate or controlled person of Defendants; Defendants' officers, directors, agents, employees and their immediate family members, as well as the judicial officers assigned to this litigation and members of their staffs and immediate families.

73.     The 303 THF Product at issue was sold across Missouri through retailers.  The Class Members may be identified through use of sales receipts, affidavits, or through sales records.

74.     The proposed Class is so numerous that joinder of all Class Members is impracticable.  Although the exact number and identity of each Class Member is not known at this time, there are thousands of Members of the Class.

75.     There are questions of fact and law common to the Class which predominate over questions affecting only individual Class Members.  The questions of law and fact common to each Class arising from Defendants' actions include, without limitation, the following:

a.   Whether Defendants' O'Reilly 303 THF Product was being labeled, advertised and marketed as alleged in paragraphs 7-9, 11, 25-41, 65, and 68-69, above;

b.   Whether Defendants studied or tested their labeling and the effect of the labeling on consumers' perceptions, and whether Defendants studied the susceptibility of consumers who might purchase tractor hydraulic fluid;

c.  Whether Defendants' 303 THF Product in actuality was as alleged in paragraphs 12, 38-39, 42-50, 61, 65, and 68-69, above;

d.  The components and qualities of Defendants' 303 THF Product, and the cost to Defendants to manufacture, distribute, market and sell their 303 THF Product;

e.  Whether Defendants' manufacturing, labeling, advertising, marketing, and/or sale of their 303 THF Product was deceptive, unfair, and/or dishonest as alleged in paragraphs 7-9, 11, 25-41, 65, and 68-69;

f.  Whether Defendants breached the express warranties provided with regard to the 303 THF Product;

g.  Whether Defendants breached the implied warranty of merchantability with regard to the 303 THF Product;

h.  Whether Defendants breached the implied warranty of fitness for particular purpose with regard to the 303 THF Product;

i.  Whether Defendants deliberately failed to disclose material facts to consumers regarding the quality of the 303 THF Product and the obsolete nature of the product and the specifications the product claimed to meet;

j.  Whether Defendants' representations regarding their 303 THF Product were false and made knowingly by Defendants, and were therefore deceptions, frauds, false pretenses, false promises, and/or misrepresentations as described in 407.020 RSMo and a violation thereof;

k.  Whether Defendants' representations were false and made negligently by Defendants, and were therefore deceptions, frauds, false pretenses, false promises, and/or misrepresentations as described in 407.020 RSMo and a violation thereof;

l.  Whether use of the 303 THF Product caused and/or exposed equipment to damage;

m.  Whether Defendants were unjustly enriched; and,

n.  Whether Defendants were negligent.

76.  Each representative Plaintiffs' claims are typical of those in the putative Class because each purchased Defendants' 303 THF Products and was similarly treated.

77.     Plaintiffs are adequate representatives of the Class because their interests do not conflict with the interests of other Members of the Class.  The interests of the other Class Members will be fairly and adequately protected by Plaintiffs and counsel, who have extensive experience prosecuting complex litigation and class actions.

78.     A Class Action is the appropriate method for the fair and efficient adjudication of this controversy.  It would be impracticable, cost prohibitive, and undesirable for each Member of the Class to bring a separate action.  In addition, the presentation of separate actions by individual Class Members creates the risk of inconsistent and varying adjudications, establishes incompatible standards of conduct for Defendants, and/or substantially impairs or impedes the ability of Class Members to protect their interests.  A single Class Action can determine, with judicial economy, the right of the Members of the Class.

79.     A Class Action is superior with respect to considerations of consistency, economy, efficiency, fairness and equity, to other available methods for the fair and efficient adjudication of this controversy.

80.     Class certification is also appropriate because Defendants have acted or refused to act on grounds generally applicable to the Class. The Class Action is based on Defendants' acts and omissions with respect to the Class as a whole, not on facts or law applicable only to the representative Plaintiffs.  All Class Members who purchased Defendants' products were treated similarly.  Thus, all Class Members have the same legal right to an interest in relief for damages associated with the violations enumerated herein.

81.     Plaintiffs assert in Counts I through VIII, below, the following claims on behalf of themselves and the Class:

- Count I – Missouri Merchandising Practices Act Violations

- Count II – Breach of Express Warranty

- Count III – Breach of Implied Warranty of Merchantability

- Count IV – Fraud/Misrepresentation

- Count V – Negligent Misrepresentation

- Count VI – Unjust Enrichment

- Count VII – Negligence

- Count VIII – Breach of Implied Warranty of Fitness for Particular Purpose

<u>COUNT I</u>
**(Violations of Missouri's Merchandising Practices Act)**
**(Plaintiffs and All Class Members Who Purchased for Personal, Family, Household Use)**

82.     Plaintiffs incorporate by reference all preceding paragraphs of this First Amended Class Action Complaint as if fully set forth herein.

83.     Plaintiffs and many Class Members purchased Defendants' O'Reilly 303 THF Product for personal, family, or household purposes.

84.     Plaintiffs Joe Miller, Kenny Higgs, and Don Sherwood are all "person[s]" for purposes of the Missouri Merchandising Practices Act ("MMPA").  Mo. Rev. Stat. § 407.010.

85.     Defendants' 303 THF Product meets the definition of "merchandise" for purposes of the MMPA.  Mo. Rev. Stat. § 407.010.

86.     Defendants' sale of their 303 THF Product is a "sale" within the meaning of the MMPA.  Mo. Rev. Stat. § 407.010.

87.     Defendants engaged in "trade" or "commerce" within the meaning of the MMPA. Mo. Rev. Stat. § 407.010.

88.     Under the MMPA, Defendants have a statutory duty to refrain from deceptive acts and practices.

23

89. Pursuant to the MMPA, an unlawful practice is the use of "any deception,

fraud, false pretense, false promise, misrepresentation, unfair practice or the concealment,

suppression, or omission of any material fact in connection with the sale or advertisement of any

merchandise in trade or commerce . . . in or from the State of Missouri." Mo. Rev. Stat. § 407.020

90. Defendants used and employed deception, fraud, false pretense, false

promise, misrepresentation, unfair practice and the concealment, suppression, or omission of

material facts in connection with the sale or advertisement of their 303 THF Product in trade or

commerce in the State of Missouri, in violation of the MMPA.

91. Defendants' conduct set forth in paragraphs 7-9, 11, 25-41, 65, 68-69 and

elsewhere above, including without limitation the representations that the 303 THF Product was

fit to be used in older tractors and other equipment, and that the 303 THF Product met

specifications, were unfair, deceptive, false and misleading and made knowingly by Defendants

or without knowledge as to their truth or falsity and were therefore deceptions, frauds, false

pretenses, false promises, and misrepresentations as described at § 407.020 RSMo, and therefore

a violation of the MMPA.

92. Defendants' conduct set forth in paragraphs 7-9, 11, 25-41, 65, 68-69 and

elsewhere above, including without limitation the label representations that the 303 THF Product

was fit to be used in older tractors and other equipment, that the 303 THF Product met

specifications, and Defendants' failure to inform consumers of the true nature of the product and

the obsolete specifications, also constituted the omission or suppression of a material fact in

violation of § 407.020 RSMo in that Defendants' 303 THF Product was not appropriate for use

and did not meet specifications as labeled, advertised, marketed, and sold.

93. Defendants' conduct as set forth herein with regard to the marketing and

sale of the 303 THF Product constitutes unlawful, unfair and/or fraudulent business practices in violation of the MMPA

94.     Defendants engaged in unlawful practices including deception, false promises, misrepresentation, and/or the concealment, suppression or omission of material facts in connection with the marketing and sale of the 303 THF Product, all in violation of §407.020 RSMo.

95.     Defendants' conduct with regard to their 303 THF Product was materially misleading and deceptive, and was a proximate cause of economic damage to purchasers.

96.     Plaintiffs and Class Members have suffered economic and other damages as a result of Defendants' conduct with regard to the marketing and sale of the 303 THF Product.

97.     As a direct and proximate result of Defendants' illegal conduct, Plaintiffs and Class Members have suffered ascertainable losses of money.

98.     Defendants' conduct as described herein was intentional, done knowingly, in conscious disregard of the rights of Plaintiffs and other Class Members, and in violation of § 407.020 RSMo, and the regulations of the Attorney General of Missouri promulgated thereunder.

99.     Defendants' conduct is such that an award of punitive damages against each Defendant is appropriate.

## COUNT II
### (Breach of Express Warranty – Plaintiffs and All Class Members)

100.     Plaintiffs incorporate by reference all preceding paragraphs of this First Amended Class Action Complaint as if fully set forth herein.

101.     Plaintiffs and Class Members purchased Defendants' 303 THF Product.

102.     As set forth above, Defendants made common statements of facts regarding quality and use in the name and on the label of the 303 THF Product.

25

103.     The common statements Defendants made in the name and on the label of the 303 THF Product were made to induce Plaintiffs and Class Members to purchase the 303 THF Product and/or were a material factor in inducing Plaintiffs and Class Members to purchase the 303 THF Product, and therefore became part of the basis of the benefit of the bargain and an express warranty.

104.     As set forth above, the THF 303 Product did not conform to the statements of Defendants.  As a result, Plaintiffs and the Class Members did not receive goods as warranted by Defendants.

105.     Defendants have received from Plaintiffs timely notifications of the defects in their THF 303 Product.

106.     The failure of the THF 303 Product to conform to the statements of Defendants has caused injury and damage to Plaintiffs and Class Members.

<u>**COUNT III**</u>
**(Breach of Implied Warranty of Merchantability – Plaintiffs and All Class Members)**

107.     Plaintiffs incorporate by reference all preceding paragraphs of this First Amended Class Action Complaint as if fully set forth herein.

108.     Defendants directly or indirectly sold the 303 THF Product to Plaintiffs and Class Members for use as described above.

109.     As set forth above, at the time Defendants sold the 303 THF Product, the product was not fit for its ordinary use and the use described by Defendants.

110.     Plaintiffs and Class Members used the 303 THF Product for its ordinary purpose and the use described by Defendants.

26

111.   Defendants have received from Plaintiffs timely notification of the defect in their 303 THF Product.

112.   The failure of the 303 THF Product to be fit for their ordinary purpose has cause injury and damage to Plaintiffs and Class Members.

<u>**COUNT IV**</u>
**(Fraudulent Misrepresentation – Plaintiffs and All Class Members)**

113.   Plaintiffs incorporate by reference all preceding paragraphs of this First Amended Class Action Complaint as if fully set forth herein.

114.   Defendants made representations regarding their 303 THF Product, as set forth above, including without limitation the representations that the 303 THF Product was fit to be used in older tractors and other equipment, that the 303 THF Product met specifications, and that the 303 THF Product provided certain qualities, results and benefits.

115.   Defendants' representations set forth above, including without limitation the representations that the 303 THF Product was fit to be used in older tractors and other equipment, that the 303 THF Product met specifications, that the 303 THF Product provided certain qualities, results and benefits, and Defendants' failure to inform consumers of the true nature of the product and the obsolete specifications, were false and made knowingly by Defendants, and were therefore fraudulent.

116.   Defendants' representations as set forth above, including without limitation the representations that the 303 THF Product was fit to be used in older tractors and other equipment, and that the 303 THF Product met specifications, that the 303 THF Product provided certain qualities, results and benefits, and Defendants' failure to inform consumers of the true nature of the product and the obsolete specifications, were made by each Defendant with the intent that Plaintiffs and other Class Members rely on such representations.

27

117.    Defendants' representations as set forth above, including without limitation the representations that the 303 THF Product was fit to be used in older tractors and other equipment, that the 303 THF Product met specifications, that the 303 THF Product provided certain qualities, results and benefits, and Defendants' failure to inform consumers of the true nature of the product and the obsolete specifications, were made by each Defendant despite knowing the representations were false at the time the representations were made, and/or without knowledge of the truth or falsity of the representations.

118.    Defendants' representations were material to the purchase of the 303 THF Product.

119.    Plaintiffs and Class Members relied on Defendants' representations, and such reliance was reasonable under the circumstances.

120.    Defendants' conduct as set forth herein with regard to the name, labeling, marketing and sale of the 303 THF Product constitutes fraud on Plaintiffs and all Class Members.

121.    Plaintiffs and Class Members have been economically damaged by Defendants' fraudulent conduct with regard to the marketing and sale of the 303 THF Product.

122.    As a direct and proximate result of Defendants' illegal conduct, Plaintiffs and Class Members have suffered ascertainable losses of money and other damages.

123.    Defendants' conduct as described herein was intentional and/or in reckless disregard for the rights of Plaintiffs and other Class Members.

124.    Defendants' conduct is such that an award of punitive damages against each Defendant is appropriate.

## COUNT V
### (Negligent Misrepresentation – Plaintiff and All Class Members)

125.    Plaintiffs incorporate by reference all preceding paragraphs of this First Amended Class Action Complaint as if fully set forth herein.

28

126. Defendants made representations regarding their 303 THF Product, as set forth above, including without limitation the representations that the 303 THF Product was fit to be used in older tractors and other equipment, that the 303 THF Product met specifications, that the 303 THF Product provided certain qualities, results and benefits.

127. Such representations were made by Defendants with the intent that Plaintiffs and the Class Members rely on such representations in purchasing Defendants' 303 THF Product.

128. Such representations were material to Plaintiffs' and the Class Members' purchase of Defendants' 303 THF Product.

129. Such representations were false.

130. Defendants failed to use ordinary care and were negligent in making and/or allowing to be made the representations set forth above.

131. Plaintiffs and the Class Members relied on such representations and such reliance was reasonable under the circumstances.

132. Plaintiffs and Class Members have been economically damaged by Defendants' negligent conduct with regard to the marketing and sale of the 303 THF Product.

133. As a direct and proximate result of Defendants' negligent conduct, Plaintiffs and Class Members have suffered ascertainable losses of money.

## COUNT VI
### (Unjust Enrichment – Plaintiffs and All Class Members)

134. Plaintiffs incorporate by reference all preceding paragraphs of this First Amended Class Action Complaint as if fully set forth herein.

135. As a result of Defendants' deceptive, fraudulent, and misleading naming, labeling, advertising, marketing, and sales of the 303 THF Product, Plaintiffs and the Class Members

purchased Defendants' 303 THF Product and conferred a benefit upon Defendants by purchasing obsolete and harmful tractor hydraulic fluid, which benefit Defendants appreciated and accepted.

136.     Those benefits were obtained by Defendants under false pretenses because of Defendants' concealments, misrepresentations, and other deceptive, misleading, and unfair conduct relating to the 303 THF Product.

137.     Defendants were enriched at the expense of Plaintiffs and other Class Members through the payment of the purchase price for Defendants' 303 THF Product.

138.     As a direct and proximate result of Defendants' wrongful conduct and unjust enrichment, Plaintiffs and Class Members have suffered damages in an amount to be determined at trial.

139.     Under the circumstances, it would be against equity and good conscience to permit Defendants to retain the ill-gotten benefits that they received from Plaintiffs and the other Class Members, in light of the fact that the 303 THF Product purchased by Plaintiffs and the other Members of the Class were not what Defendants represented them to be.  Thus, it would be inequitable or unjust for Defendants to retain the benefit without restitution to Plaintiffs and the other Members of the Class for the monies paid to Defendants for the 303 THF Product.

140.     By reason of the foregoing, Defendants should be required to account for and disgorge all monies, profits, and gains which they have obtained at the expense of Plaintiffs and Class Members.

### COUNT VII
### (Negligence – Plaintiffs and All Class Members)

141.     Plaintiffs incorporate by reference all preceding paragraphs of this First Amended Class Action Complaint as if fully set forth herein.

142.    Defendants' owed a duty of at least reasonable care to the purchasers of their 303 THF Product, including a duty to use reasonable care in the manufacture, sampling, testing, labeling and marketing of the finished 303 THF Product.

143.    Defendants breached this duty by the acts and omissions alleged herein, including but not limited to:

a.    Distribution and use of misleading labeling information regarding the 303 THF Product qualities and OEM specifications met by product;

b.    Failing to adequately warn and instruct purchasers about the true nature of the 303 THF Product and potential harm to equipment caused by use of the 303 THF Product in equipment for which it does not meet specifications;

c.    Failing to adequately ensure the 303 THF Product manufactured and sold met the advertised specifications;

d.    Failure to utilize adequate testing and other controls to ensure the 303 THF Product met the advertised specifications; and,

e.    Instituting and/or allowing careless and ineffective product manufacturing protocols.

144.    As a result of Defendants' negligence, Defendants' 303 THF Product had contents and additives that varied, were unknown, were obsolete, did not possess the claimed protective characteristics and/or did not meet one or more of the manufacturers' specifications.

145.    Defendants' negligence caused or contributed to cause injuries and damages to Plaintiffs and the Class Members, caused Plaintiffs' and the Class Members' equipment to suffer

harm and damage, including wear, damage and leakage in the seals, and exposure to damage in the spiral gear in the drive, improper and poor shifting, wear and damage to the wet brakes, high pump leakage, and damage from deposits, sludging and thickening. Defendants' negligence also caused or contributed to cause Plaintiffs and the Class Members to overpay for a product that was worthless and/or worth much less than the sale price.

146.    Plaintiffs and Class Members are thus entitled to an award of compensatory damages, prejudgment interest and post-judgment interest.

147.    Defendants' conduct was grossly negligent and showed a complete indifference to or conscious disregard of the rights of others, including Plaintiffs and Class Members, such that punitive damages are thus warranted.

## COUNT VIII
### (Breach of Implied Warranty of Fitness for Particular Purpose)
### (Plaintiffs and All Class Members)

148.    Plaintiffs incorporate by reference all preceding paragraphs of this First Amended Class Action Complaint as if fully set forth herein.

149.    Defendants directly or indirectly sold the 303 THF Product to Plaintiffs and Class Members for use as described above.

150.    As set forth above, at the time Defendants sold the 303 THF Product, the product was not fit for its particular purpose of use as universal hydraulic fluid for tractors and/or other equipment.

151.    Defendants knew or should have known of the use for which the 303 THF Product was purchased.

32

152.     Plaintiffs and Class Members reasonably relied upon Defendants' judgment that the 303 THF Product was fit for use as universal hydraulic fluid for tractors and/or other equipment.

153.     When the THF Product was sold by Defendants, it was not fit for such use as universal hydraulic fluid for tractors and/or other equipment.

154.     Defendants have received from Plaintiffs timely notification of the defect in their 303 THF Product.

155.     The failure of the 303 THF Product to be fit for its particular purpose has caused injury and damage to Plaintiffs and Class Members.

WHEREFORE, Plaintiffs, on behalf of themselves and the Class described in this First Amended Class Action Complaint, respectfully requests that:

A.   The Court certify the Class pursuant to Rule 23 of the Federal Rules of Civil Procedure and § 407.025 RSMo, and adjudge Plaintiffs and counsel to be adequate representative thereof;

B.   The Court enter an Order requiring each Defendant to pay actual and punitive damages to Plaintiffs and the other Members of the Class;

C.   The Court enter an Order awarding Plaintiffs, individually and on behalf of the other Members of the Class, the expenses and costs of suit, including reasonable attorneys' fees and reimbursement of reasonable expenses, to the extent provided by law;

D.   The Court enter an Order awarding to Plaintiffs, individually and on behalf of other Members of the Class, pre-and post-judgment interest, to the extent allowable; and,

E. For such other and further relief as may be just and proper.


## DEMAND FOR JURY TRIAL

Plaintiffs and Class Members hereby demand a jury trial on all issues of fact and damages in this action.##


Date: December 11, 2018                    Respectfully submitted,


                                           WHITE, GRAHAM, BUCKLEY,
                                           & CARR, L.L.C



                                           BY:      /s/ Bryan T. White
                                                Gene P. Graham, Jr.    MO Bar #34950
                                                Bryan T. White        MO Bar #58805
                                                19049 East Valley View Parkway
                                                Independence, Missouri 64055
                                                (816) 373-9080 Fax: (816) 373-9319
                                                ggraham@wagblaw.com
                                                bwhite@wagblaw.com

                                                -and-


                                           HORN AYLWARD & BANDY, LLC


                                           BY:    /s/ Dirk Hubbard
                                                Thomas V. Bender, MO Bar #28099
                                                Dirk Hubbard, MO Bar #37936
                                                2600 Grand, Ste. 1100
                                                Kansas City, MO 64108
                                                (816) 421-0700
                                                (816) 421-0899 (Fax)
                                                dhubbard@hab-law.com

34

-and-

CLAYTON JONES, ATTORNEY AT LAW


BY: _____ */s/ Clayton A. Jones* _____
          Clayton Jones  MO Bar #51802
          P.O. Box 257
          405 W. 58 Hwy.
          Raymore, MO 64083
          Office: (816) 318-4266
          Fax: (816) 318-4267
          claytonjoneslaw.com

**ATTORNEYS FOR PLAINTIFFS
AND CLASS MEMBERS**